[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-11921
Non-Argument Calendar

_____

D.C. Docket No. 3:05-cr-00114-HLA-MCR-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN J. TULIP,
a.k.a. John J. Tulip, III,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 14, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant John Tulip appeals the district court's modification of his supervised release conditions to include participation in a mental health program specializing in sex offender treatment. Defendant argues on appeal that the district court abused its discretion in adding this supervised release condition because it did not consider whether Defendant's participation in sex offender treatment would improve the odds of his successful transition back into community life or make him less of a risk to the public. After careful review, we affirm.

## I. BACKGROUND

### A. Original Criminal Proceedings and Sentencing

In April 2006, Defendant pled guilty to inducing a minor to engage in sexually explicit conduct to produce child pornography and transporting child pornography in foreign commerce, in violation of 18 U.S.C. §§ 2251(a) and 2252(a)(1), respectively. These convictions stemmed from Defendant having convinced a German mother (through the internet, a telephone call, and one visit to the United States) to allow her ten-year old son to come live with Defendant in Florida based on Defendant's suggestion that it would be in the child's best interest to get an education in the United States. Sadly for the boy, Defendant was actually interested in sexually exploiting him. In fact, after the boy began living with Defendant, the latter either enticed or coerced him to pose nude in a sexually

2

explicit way while Defendant took photographs.  Defendant then sent these photographs via the internet to a computer in Germany.

The district court sentenced Defendant to 135 months' imprisonment—the low end of his applicable guideline—followed by three years' supervised release. In addition to imposing the standard conditions of supervised release, the court also imposed several special conditions, including that Defendant participate in a mental health program as directed by the probation officer and that Defendant not be allowed computer or internet access without approval from the probation officer.  Defendant did not appeal his conviction or sentence.

## B.    Motions to Modify Terms and Conditions of Supervised Release

In January 2013, while still incarcerated, Defendant filed a *pro se* motion to modify the terms and conditions of supervised release.  He asked the district court to delete the condition prohibiting the use of a computer or accessing the internet without approval from the probation officer.  He argued that such restriction was no longer necessary to protect the victim of his crimes or the public because he had been rehabilitated, as evidenced by his exceptionally good behavior while in prison, and had completed training to become a successful stock day trader.  He further explained that he would need internet access with minimal or no spyware to be able to engage in his intended occupation as a day trader and the computer restriction would hamper his ability to pursue that line of work.  The Government

3

opposed this motion, questioning why Defendant had concentrated his rehabilitation efforts in an area that required access to computers, when Defendant well knew his computer use would be restricted.  The district court denied this motion, and Defendant did not appeal.

Shortly before Defendant's release from prison, his probation officer petitioned the district court to modify the terms and conditions of Defendant's supervised release to require him to participate "in a mental health program specializing in sex offender treatment approved by the probation officer."   The probation officer asserted that this modification was necessary because of the nature and circumstances of the offense, Defendant's history and characteristics, the need to protect the public from future crimes by Defendant, and to provide correctional treatment.  Specifically, the probation officer noted that Defendant had denied to his Bureau of Prisons' case manager that he had committed the offense of conviction, but rather asserted that the boy had taken the naked pictures himself and then used Defendant's email to send the pornographic pictures over the internet.  The probation officer further noted that, while imprisoned, Defendant had initially expressed interest in sex offender treatment, leading to his transfer to a lower security prison.  But upon arrival at the lower security prison, Defendant refused any treatment, stating that he had only agreed to treatment in order to get the transfer.  Additionally, while incarcerated, Defendant had befriended two

4

convicted sex offenders and provided false information to his case manager in an effort to relocate to Nevada upon his release, specifically claiming that he would be residing with a "cousin," when in fact that person had no familial relationship with Defendant and never returned the probation officer's calls about arranging for a home inspection.

At the hearing on the above motion for modification of the conditions of supervised release, Defendant contested the district court's authority to modify the conditions of supervised release, given that Defendant had not yet committed a supervised release violation.  Further, he asserted that 18 U.S.C. § 3583 only allowed for modification of the supervised release condition if modification was related to the initial conditions and argued that psychosexual counseling was not related to the court's condition requiring mental health treatment.  The Government argued that § 3583(e)(2) allowed for modification at any time prior to the expiration or termination of supervised release and that, at any rate, psychosexual counseling was a provision applicable to the initial conditions because it is a type of mental health treatment.

The district court granted the motion and modified Defendant's conditions of supervised release to require him to participate "in a mental health program specializing in sex offender treatment approved by the probation officer."  It

5

concluded that such a condition was reasonably related to Defendant's history and characteristics, his need for treatment, and the need to protect the public from him.

## II.    DISCUSSION

In support of his position that the modification of conditions was improper, Defendant advances on appeal a different argument than the one he made before the district court.  Specifically, he now argues that the court abused its discretion in modifying the conditions of his supervised release to include sex offender treatment because the court failed to consider whether such treatment was necessary to facilitate his transition back into society, which is the primary goal of supervised release, and there was no evidence that it would facilitate this transition.

We generally review the district court's decision on a motion to modify the conditions of supervised release for abuse of discretion.  *See United States v. Serrapio*, 754 F.3d 1312, 1318 (11th Cir. 2014) (reviewing modification of conditions of probation, under 18 U.S.C. § 3563, for an abuse of discretion); *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003) (noting that we review the district court's sentence of supervised release for abuse of discretion). However, where a defendant raises a sentencing argument for the first time on appeal, we review for plain error.  *United States v. Heath*, 419 F.3d 1312, 1314 (11th Cir. 2005) (reviewing an unpreserved argument as to modification of

6

supervised release for plain error); *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000).

The plain error standard is applicable here because Defendant did not raise in the district court the specific issue he now raises here. There is a difference between arguing, as Defendant did before the district court, that the court lacked the authority to modify the conditions of supervised release and arguing, as he does now, that the court abused its discretion in imposing the particular modified condition because it had failed to consider a particular fact or factor. Under plain error review, we will reverse where there is "(1) an error (2) that is plain and (3) that has affected the defendant's substantial rights; and . . . (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013). "An error is not plain unless it is contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Schultz*, 565 F.3d 1353, 1357 (11th Cir. 2009).

Pursuant to § 3583, after the consideration of certain 18 U.S.C. § 3553(a) factors,[1] a district court may

---

[1] The § 3553(a) factors to be considered in modifying the conditions of supervised release include: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need to provide adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (6) the kinds of sentence and the sentencing range established for the defendant's offense, (7) any pertinent policy statements; (8) the need to avoid unwarranted

> modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision.

18 U.S.C. § 3583(e)(2).  Rule 32.1 of the Federal Rules of Criminal Procedure requires that, before modifying the conditions of supervised release, the district court must first hold a hearing at which the individual has the right to counsel and an opportunity to make a statement and present any mitigating information. Fed.R.Crim.P. 32.1(c)(1).

In imposing (or modifying) a term of supervised release, the district court may order special conditions that:  (1) are reasonably related to the nature and circumstances of the offense, history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involve no greater deprivation of liberty than is reasonably necessary; and (3) are consistent with any pertinent policy statements issued by the sentencing commission.  18 U.S.C. § 3583(d)(1)-(3); *see also* U.S.S.G. § 5D1.3(b). The special conditions need not be related to each applicable § 3553(a) factor; rather, each factor is an independent consideration to be weighed.  *United States v.*

---

sentence disparities; and (9) the need to provide restitution.  18 U.S.C. §§ 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7) and 3583(e)(2).

*Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000). When a defendant has been convicted of a "sex offense," the Sentencing Commission recommends that the district court impose as a special condition the requirement that the defendant "participate in a program approved by the United States Probation Office for the treatment and monitoring of sex offenders." U.S.S.G. § 5D1.3(d)(7)(A), p.s.

Defendant has failed to demonstrate that the district court plainly erred when it modified his conditions of supervised release to include a mental health program specializing in sex offender treatment. The district court is statutorily allowed to modify the conditions of supervised release after holding a hearing as required by Rule 32.1, considering certain § 3553(a) factors, and ensuring that the modified conditions are consistent with the requirements applicable to all conditions of supervised release. *See* 18 U.S.C. § 3583(e)(2). The district court did just that in this case. Specifically, after a hearing, the court identified Defendant's history and characteristics, his need for treatment, and the public's need to be protected from him as the § 3553(a) factors supporting the court's requirement that he participate in sex offender treatment. The court also determined that such a condition was consistent with the statutory purposes of sentencing.

Upon review of the record in this case, we discern neither plain error nor an abuse of discretion in the district court's imposition of the modified condition of supervised release. As to the former, Defendant has directed us to no on-point

9

precedent from this Court or the Supreme Court and to no explicit statutory provision that would have prohibited the district court's decision. *See Schultz*, 565 F.3d at 1357. As to whether the court abused its discretion, Defendant was convicted of a serious sex offense. He lured a child to his home, had the child get nude, photographed the child, and then electronically transmitted those images overseas.[2] Sex offender treatment and monitoring is recommended by the Sentencing Guidelines for such an offense. *See* U.S.S.G. § 5D1.3(d)(7)(A), p.s.

Defendant's post-conviction behavior further indicates his continuing failure to accept responsibility for his crime and suggests little inclination on his part to mend his ways. While incarcerated, Defendant twice declined sex offender treatment. Then, he falsely denied that he had ever committed the sexual offense to which he pled guilty. Also while in prison, Defendant befriended other sex offenders. These actions, which relate to Defendant's history and characteristics, raise great concern about the need to protect the public from his future crimes. Defendant's denial of responsibility for his admitted crimes weighs greatly against his potential rehabilitation and suggests a likelihood that he might commit further sex crimes from which the public needs to be protected. *See McKune v. Lile*, 536 U.S. 24, 47 (2002) (recognizing in the context of sex-offender treatment, "[a]cceptance of responsibility is the beginning of rehabilitation"); *United States v.*

---

[2] In addition, the record reflects that, prior to sentencing, Defendant attempted to threaten and bribe the boy and his mother to prevent them from cooperating with authorities.

*Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009) (noting that sex offender treatment could assist the defendant is avoiding similar misconduct, which would protect the public); *United States v. Mercado*, 777 F.3d 532, 537-38 (1st Cir. 2015) (noting that sex offender treatment has been linked to reduced recidivism and a condition requiring sex offender treatment was reasonably related to rehabilitation and protecting the public).  In short, we conclude that the district court neither plainly erred nor abused its discretion in requiring that Defendant undergo mental health treatment that focused on treatment for sexual offenders.

## III.  CONCLUSION

For all the above reasons, the district court's modification of Defendant's conditions of supervised release is **AFFIRMED.**