[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12 2000
THOMAS K. KAHN
CLERK

_____

No. 98-3835

_____

D. C. Docket No. 98-00176-CR-J-10C

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEROY ALFONSO BULL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 12, 2000)**

Before BIRCH, Circuit Judge, RONEY and FAY, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

This is a case of first impression in this Circuit. Leroy Bull pled guilty to use

of an unauthorized access device, a VISA card, in violation of 18 U.S.C. § 1029(a)(2).

The district court imposed mental health treatment for anger control as a special

condition of supervised release, unrelated to the nature of the offense of conviction, and required that Bull contribute to the cost of such treatment if he could afford it. The issue on appeal is whether the district court had authority to impose such conditions since they are unrelated to the credit card crime and conviction. We affirm.

A pre-approved VISA credit card application in another person's name was mistakenly delivered to Bull, who completed the application and requested an additional card on the account be issued in his name and mailed to his address. Financial Fleet Services issued the card, and Bull used it about 51 times, totaling $7,543.00 in fraudulent charges. He was sentenced to six months imprisonment, two years supervised release and restitution. As a special condition of Bull's supervised release, the court ordered that, if deemed prudent by the probation officer, Bull participate in a mental health program for the treatment of violence or anger. Bull challenges this condition on the ground that it is not reasonably related to "the nature and characteristics of his offense" as set forth in U.S.S.G. § 5D1.3(b).

Section 5D1.3(b) provides that:

> The court may impose other conditions of supervised release, to the extent that such conditions (1) are reasonably related to (A)the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence

to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

§ 5D1.3(b).

The guidelines section pertaining to mental health programs states:

(d)     (Policy statement) The following 'special' conditions of supervised release are recommended in the circumstances described and, in addition, may otherwise be appropriate in particular cases:

(5)     Mental Health Program Participation
If the court has reason to believe that the defendant is in need of psychological or psychiatric treatment – a condition requiring that the defendant participate in a mental health program approved by the United States Probation Office.

§ 5D1.3(d)(5).

Although this is an issue of first impression in this Circuit, other circuits have generally upheld special conditions of supervised release unrelated to the particular offense imposed by district courts. *See, e.g., United States v. Cooper*, 171 F.3d 582, 587 (8th Cir. 1999) (district court did not abuse its discretion by requiring defendant convicted of unlawfully transporting explosive materials to participate in the Batterer's Education Program, where state officials were concerned about defendant's

3

alleged domestic abuse); *United States v. Brown,* 136 F.3d 1176, 1186 (7th Cir. 1998)(district court did not abuse its discretion by ordering that defendant convicted of stamp and wire fraud could not engage in any gambling activities because defendant had a history of compulsive gambling); *United States v. Wilson*, 154 F.3d 658,667 (7th Cir. 1998)(district court properly exercised its discretion in ordering abortion protestor to participate in mental health treatment program based upon defendant's history of emotional disturbance and erratic behavior), *cert denied*, 525 U.S. 1081 (1999). *See also United States v. Szenay*, 187 F.3d 639,(6th Cir. 1999)(Unpublished)(district court did not abuse its discretion by ordering defendant convicted of use of an unauthorized access device to participate in testing and treatment for alcohol abuse where PSI detailed history of alcohol abuse). *But see United States v. Kent*, 209 F.3d 1073 (8th Cir. 2000)(district court abused its discretion by ordering defendant convicted of mail fraud to undergo counseling program based on "groundless assumption" that defendant would abuse his wife upon release from prison even though he had neither physically abused nor threatened her in over a decade).

These courts reviewed the conditions under an abuse of discretion standard. Bull argues that, as a matter of law, section 5D1.3(b) requires that conditions of supervised release be reasonably related to *all* of the items listed in the section: to the

4

nature and circumstances of the offense and the history and characteristics of the defendant; to the need to deter criminal conduct; to the need to protect the public and to the need to provide assistance to the defendant. He argues that since the special condition imposed by the district court is not "reasonably related to the nature and circumstances of the offense," credit card fraud, one of the above items, it is invalid.

Bull's argument is identical to one considered by the Ninth Circuit in *United States v. Johnson,* 998 F.2d 696 (9th Cir. 1993). In *Johnson*, the defendant pled guilty to possessing five or more identification documents with the intent to use them unlawfully. See 18 U.S.C. § 1028(a)(3). He was sentenced to 12 months in prison, and one of his conditions of supervised release was to "participate in any mental health program or counseling as instructed by your U.S. Probation Officer." Johnson challenged this condition on the same basis as the defendant in the instant case, that it was not reasonably related to the "the nature and characteristic of his offense" as set forth in § 5D1.3(b). In analyzing application of section 5D1.3(b), the Ninth Circuit stated that 'the items listed in 5D1.3(b) are not necessary elements, each of which has to be present. They are merely factors to be weighed, and the conditions imposed may be unrelated to one or more of the factors, so long as they are sufficiently related to the others." 998 F. 2d at 697. The Ninth Circuit found support for this reading of the guideline in the statutes upon which it is based, 18 U.S.C. § 3553 and 3583. A district

court has discretion to order special conditions of supervised release pursuant to section 3583(d) if the conditions are reasonably related to the factors set forth in section 3553(a)(1) and (a)(2)(B)-(D). These factors are set out as "[f]actors to be considered in imposing a sentence:

> (1)  the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2)  the need for the sentence imposed--
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant;
> (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).

The court noted that section 5D1.3 mirrors the language used in the statute, and therefore considered both together. "We ...treat 5D1.3 in pari materia — as a list of factors to guide the district court's discretion rather than a checklist of requisites, each of which must be found before any condition of supervised release may be prescribed." *Johnson*, 998 F. 2d at 698.

A recently decided Eighth Circuit case, *United States v. Kent*, 209 F.3d 1073, ___ n.3. (8th Cir. 2000) is in accord with this approach.

In *Johnson*, the court determined that in sentencing the defendant, the district court considered his long history of violent aggression and a diagnosis of a personality disorder for which he had actively refused treatment. The court held that other factors

6

such as the history and characteristics of the defendant, the importance of protecting the public, and the defendant's need for correctional treatment "all militated in favor of the conditions the district court chose." The Court noted that the only relationship arguably not present was one between the terms imposed and the nature and circumstances of Johnson's offense , but determined that "this is not fatal where the other considerations in section 5D1.3(b) so clearly apply." *Johnson*, 998 F.2d at 698.

We find the analysis used in *Johnson* to be persuasive and adopt it in this case. As a matter of law, the special condition imposed need not be related to each factor listed in section 5D1.3(b) to avoid a determination that the court abused its discretion. Instead, each factor is an independent consideration to be weighed.

Applying this analysis to the instant case, Bull's Presentence Investigation Report (PSI) indicated that he has an extensive history of domestic violence. Bull had two prior convictions for domestic battery, and failed to show proof of completion of anger control classes. The PSI also indicated Bull was involved in other incidents involving threats or violence, and that he had failed to attend a battery-intervention program. The PSI indicated that "[t]hrough problems associated mostly with his domestic relationships, the defendant has been identified as having anger control difficulties which would likely be attended through counseling." The special condition imposed by the court requiring Bull to participate in mental health treatment

7

for anger and violence, if deemed appropriate by the probation officer clearly relates to his history and characteristics. The condition is not so broad as to deprive Bull of any of his constitutionally protected liberties. We find no abuse of discretion.

The district court's requirement that Bull contribute to the costs of his mental health treatment for violence and anger control is not clear error. *See United States v. Long*, 122 F.3d 1360,1366(11th Cir. 1997). In its written judgment, the court stated:

> [T]he defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Officer based on ability to pay or availability of third party payment and in conformance with the Probations Office's Sliding Scale for Mental Health Treatment Services.

Specifically, Bull claims that the requirement for him to contribute to the treatment constitutes a fine that must be set aside because it was not mentioned in the court's orally imposed sentence, and because it is inconsistent with the court's finding that Bull was unable to pay a fine.

The government's contention that Bull is not entitled to be heard on this claim because he failed to raise the issue in the district court is without merit. Bull had no opportunity to object at sentencing because the court included the requirement for the first time in its final written judgment. Therefore Bull properly objected to the court's

8

holding. *See United States v. Jones*, 899 F.2d 1097, 1102(1990), *overruled on other grounds, United States v. Morrill*, 984 F.2d 1136 (11th Cir. 1993).

Bull mistakenly characterizes this omission in the orally imposed sentence as creating a conflict between it and the written order of judgment so that the oral sentence controls, *citing United States v. Benitez,-Zapata*, 131 F.3d 1444, 1447 n.4 (11th Cir. 1997). If anything, the omission created an ambiguity, in which case "it is proper to look to the written judgment to ascertain the court's intention." *United States v. Purcell*, 715 F.2d 561, 563 (11th Cir. 1983). As a general rule, "[i]n determining the terms of a sentence, it is the intent of the sentencing judge which controls and that intent is to be determined by reference to the entire record." *Purcell*, 715 F.2d at 563.

In this case, the district court orally sentenced Bull to a term of supervised release subject to a special condition of mental health treatment, but made no mention of whether Bull would be responsible for the cost of the treatment. The written order of judgment, imposing the cost of the treatment upon Bull, does not conflict with the requirement that he attend treatment. Furthermore, the district court's oral finding that Bull is unable to pay a fine is not inconsistent with its ruling concerning cost of treatment, because the requirement is contingent upon his ability to pay. Upon review of the entire record, the court's holding is consistent with its apparent intent that Bull

9

attend mental health treatment and that he should contribute to the cost of such treatment based upon his ability to pay.

AFFIRMED.