[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10928
Non-Argument Calendar
_____

D.C. Docket No. 4:96-cr-00020-WS-CAS-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KENNETH LAMAR ELLINGTON,
a.k.a. Kenneth Larimar Ellington,
a.k.a. Larimar Ellington,
a.k.a. Kevin Lewis Ellington,
a.k.a. Kenneth Lamarn Ellington,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(March 8, 2017)

Before TJOFLAT, WILLIAM PRYOR, and JORDAN, Circuit Judges.

PER CURIAM:

Kenneth Ellington appeals the conditions of his supervised release, which the district court ordered pursuant to 18 U.S.C. § 3583 as part of a new sentence it imposed after finding that he had violated the previous terms of his supervised release by committing two bank robberies.  Mr. Ellington specifically challenges the special condition that he allow his probation officer to search his computer and other electronic devices.  He argues that the district court abused its discretion because such a special condition is unrelated to his criminal history and personal characteristics, and not reasonably necessary for the protection of the public.  After reviewing the record and the parties' briefs, we affirm.

## I

We review the imposition of special conditions of supervised release for abuse of discretion.  *See United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009).  We will reverse only if we have a "definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *Id.* (internal quotation marks omitted) (quoting *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003)).

## II

2

Mr. Ellington argues that the district court abused its discretion when it ordered, as a special condition of his supervised release, that he submit his computer and other similar devices to searches by his probation officer. Such a condition, he contends, is generally reserved for sex offenders. Mr. Ellington concedes that the special condition could legally apply to his case under 18 U.S.C. § 3583(d) if it is "reasonably related" to certain factors set forth in 18 U.S.C. § 3553(a), but nonetheless maintains that the special condition is unreasonable because his criminal history does not reflect a deviant use of technology and therefore "involves [a] greater deprivation of liberty than is reasonably necessary," § 3583(d)(2), to achieve the sentencing purposes set forth in § 3553(a). *See* Br. of Appellant 12–13.

As part of supervised release, a district court may impose "any . . . condition it considers to be appropriate" provided that such condition "(1) is reasonably related to the factors set forth in [§§] 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [§§] 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission." § 3583(d). *See also* U.S.S.G. § 5D1.3(b). We have explained that special conditions need not be directly related to the particular offense and to each enumerated § 3553(a) factor. *See United States v. Bull*, 214 F.3d 1275, 1276, 1278

3

(11th Cir. 2000).  "Instead, each factor is an independent consideration to be weighed." *See id.* at 1278.

We are not persuaded that the district court abused its discretion.  Mr. Ellington is correct that requiring an individual on supervised release to submit his computers and electronic devices for searches by his probation officer is usually reserved for sex offenders.  *See* U.S.S.G. § 5D1.3(d)(7)(C).  But Mr. Ellington, a recidivist bank robber and habitual violator of conditions of supervised release, is not the normal non-sex offender.

Mr. Ellington has committed violent and nonviolent offenses, some of which suggest a propensity for flight, such as when he absconded from temporary release, and repeatedly violated terms of supervised release.  *See* D.E. 109; 117.  When given the benefit of the doubt, he has betrayed the trust placed in him.  For instance, the district court in this case previously found that Mr. Ellington violated a condition of supervised release by driving under the influence, but decided not to revoke his supervised release.  *See* D.E. 90.  Mr. Ellington rewarded this act of leniency by committing two bank robberies roughly a year later.  And that was not the first time he had committed bank robberies while on supervised release or parole.  As the government points out, a close look at this criminal history raises serious doubts about whether Mr. Ellington has *ever* successfully completed a term of supervised release.

4

Because "the threat of warrantless searches may deter wrongdoing before it begins," *Castillo v. United States*, 816 F.3d 1300, 1305 (11th Cir. 2016), the district court did not abuse its discretion in imposing a special condition aimed at curbing Mr. Ellington's criminal propensity (which seems not to ebb even when under supervised release).    Such a special condition reasonably reflects Mr. Ellington's extensive criminal history, *see* § 3553(a)(1), and furthers both general and specific deterrence, *see* § 3553(a)(2).    It also reflects the fact that the district court here had previously imposed conditions of supervised release that failed to prevent Mr. Ellington from recidivating.    We certainly find it reasonable that the *third* time around (recall his DUI violation that did not result in revocation), the district court would find it necessary to impose more demanding conditions.

### III

The district court's efforts may be futile.    Perhaps the added deterrence of this special condition will accomplish nothing and Mr. Ellington will violate supervised release again.    But even then the condition may prove prescient—as we have recognized, "a warrantless search can help catch a wayward participant." *Castillo*, 816 F.3d at 1305.

**AFFIRMED.**

5