[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13912
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-10002-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE RAMON PULIDO-NOLAZCO,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 19, 2018)

Before MARCUS, MARTIN and JILL PRYOR, Circuit Judges.

PER CURIAM:

Jose Ramon Pulido-Nolazco appeals his 63-month sentence for one count of

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  For

the first time on appeal, Pulido-Nolazco argues that the district court committed plain error by imposing as a special condition of his supervised release the requirement that he participate in and contribute to the cost for a sex-offender treatment program. After careful review, we affirm.

We review the imposition of special conditions of supervised release for abuse of discretion. United States v. Moran, 573 F.3d 1132, 1137 (11th Cir. 2009). However, when a party did not raise a sentencing issue before the district court, we review under the plain error standard. United States v. Lange, 862 F.3d 1290, 1293 (11th Cir.), cert. denied, 138 S. Ct. 488 (2017). To establish plain error, the defendant must show (1) an error, (2) that is plain, and (3) that affected his substantial rights. United States v. Turner, 474 F.3d 1265, 1276 (11th Cir. 2007). If the defendant satisfies these conditions, we may exercise our discretion to recognize the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. Id. Where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it. United States v. Hesser, 800 F.3d 1310, 1325 (11th Cir. 2015).

The district court may order special conditions that: (1) are reasonably related to the nature and circumstances of the offense, history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and

2

the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involve no greater deprivation of liberty than is reasonably necessary; and (3) are consistent with any pertinent policy statements issued by the Sentencing Commission.  18 U.S.C. § 3583(d)(1)-(3); see also U.S.S.G. § 5D1.3(b).  The special conditions need not be related to each applicable § 3553(a) factor; rather, each factor is an independent consideration to be weighed.  Moran, 573 F.3d at 1139.

The Sentencing Guidelines recommend that the court order, as a special condition of supervised release, that the defendant participate in a mental health treatment program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment."  U.S.S.G. § 5D1.3(d)(5).  The district court must consider what conditions best accomplish the purposes of sentencing.  Moran, 573 F.3d at 1139.  Special conditions of supervised release need not be related to the particular offense imposed by the district courts.  United States v. Bull, 214 F.3d 1275, 1277-78 (11th Cir. 2000) (upholding imposition of anger management treatment for conviction for unauthorized use of credit card).  Although a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it limits a probationer's ability to exercise constitutionally protected rights.  Moran, 573 F.3d at 1139.

In <u>Moran</u>, the defendant was convicted of being a felon in possession of a firearm. <u>Id</u>. at 1135. The court imposed a special order requiring the defendant to participate in a sex-offender treatment program based on the defendant's prior convictions for sex offenses, which occurred ten years prior to the present offense. <u>Id</u>. at 1136. The defendant objected that the trial court's sentence imposed special conditions which were not related to his present conviction, were not supported by his history and characteristics, and unnecessarily infringed upon his liberty. <u>Id</u>. at 1139. Reviewing for abuse of discretion, we affirmed the district court's special order because (1) it addressed a prior sex offense, even if it was not related to the offense of conviction, and (2) there was no evidence that the program was unduly burdensome, since the defendant was not required to continue treatment if the treatment providers did not believe it was necessary. <u>Id</u>. at 1139-40.

The district court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence. 18 U.S.C. § 3553(c). The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority. <u>Rita v. United States</u>, 551 U.S. 338, 356 (2007).

Here, the district court did not commit plain error by ordering Pulido-Nolazco to participate in a sex-offender treatment program. As the record reveals, the district court gave sufficient reasons for its order, and the order was justified by

relevant sentencing factors, including Pulido-Nolazco's prior convictions for sex offenses. The court said at sentencing that it was imposing its sentence "to reflect the seriousness of the crime, to promote respect for the law, to provide just punishment for the offense, and to protect the public from future crime by the Defendant." Though Pulido-Nolazco is correct that 18 U.S.C. § 3553(c) and Rita require the court to generally state its reasons for imposing its sentence, neither § 3553(c) nor Rita involved a specialized condition of supervised release. Moreover, binding precedent does not clearly impose a requirement on the court to state on the record why each special condition ordered was appropriate. See 18 U.S.C. § 3553(c); Rita, 551 U.S. 338. Under plain error review, the district court's statement more than fulfilled the court's requirements under § 3553(c) and Rita.

Further, to the extent the court needed to provide specific reasons on the record for requiring Pulido-Nolazco to participate in a sex-offender treatment program, the court did so. At the sentencing hearing, the district court adopted the findings of the PSI, which identified that Pulido-Nolazco had been previously convicted of sex offenses and recommended that Pulido-Nolazco be placed into a sex-offender treatment program. Pulido-Nolazco did not pose any objections to the PSI, and did not object to the court's adoption of the PSI's findings. The court announced that it was imposing its sentence "after considering" the PSI, and said it was adopting the recommendation in "Part G of the PSI about sex offender

5

treatment."  The court, by making repeated and explicit references to the PSI during sentencing, demonstrated that it was imposing the special order based on the findings in the PSI, including Pulido-Nolazco's prior convictions for sex offenses and repeated failures to abide by the mandatory reporting requirements for convicted sex offenders.  By discussing relevant sentencing factors and referring to the factual findings and the recommendations in the PSI, the court did not err, much less plainly err, and set forth enough to demonstrate that it had a reasoned basis for exercising its decision-making authority.  Rita, 551 U.S. at 356.

In addition, the court's order was reasonably related to relevant § 3553(a) factors, including Pulido-Nolazco's rehabilitation, the need to protect the public from Pulido-Nolazco's further crimes, and Pulido-Nolazco's characteristics and history, including his prior convictions for sex offenses and for failing to abide by the sex offender registration requirements.  18 U.S.C. § 3553(a).  While Pulido-Nolazco argues that his prior convictions are too temporally remote to be relevant, and that he has not shown signs of recidivism, his arguments are refuted by our clear precedent.  In Moran, the district court had imposed similar restrictions based solely on the defendant's decade-old prior convictions, and we upheld these restrictions under the abuse of discretion standard of review.  573 F.3d 1132, 1135, 1139-1140.  Moreover, Pulido-Nolazco was convicted twice in the past ten years (and had an outstanding warrant from 2015 at the time of his arrest) for failing to

6

abide by the sex-offender registration requirements.  Although these convictions were not sexual offenses per se, they are factors that negate Pulido-Nolazco's argument that his prior offense is too remote to be considered for special conditions.  Moran, 573 F.3d at 1139.  As for his claim that the restrictions here are unduly restrictive, the district court here, like in Moran, reasonably limited the amount of prejudice to Pulido-Nolazco by only requiring him to continue treatment for as long as his treatment providers consider it necessary.  Id. Thus, based on established precedent, Pulido-Nolazco has not shown that the district court erred, or plainly erred, by ordering him to participate in a sex-offender treatment program.

**AFFIRMED**.