17-3590-cr
United States v. Lewis

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 23rd day of August, two thousand eighteen.

Present:     JON O. NEWMAN,
             ROSEMARY S. POOLER,
                      *Circuit Judges*.
             DENISE COTE,[1]
                      *District Judge*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                              17-3590-cr

RASHOD LEWIS, AKA SANTANA, AKA EL_CHAPOBALLA,
AKA SANTANA.BUGATTI,

                    *Defendant-Appellant*.[2]

_____

Appearing for Appellant:     Azra Feldman, Feldman & Feldman, Uniondale, N.Y.

Appearing for Appellee:      Andrew C. Adams, Assistant United States Attorney (Sarah K. Eddy, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

_____

[1] Judge Denise Cote, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appeal from the United States District Court for the Southern District of New York (Wood, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **DISMISSED in part and AFFIRMED in part**.

Rashod Lewis appeals from the November 2, 2017 judgment of conviction sentencing him to 360 months' imprisonment, followed by five years' supervised release, following his plea of guilty to one count of use and possession of firearms in furtherance of narcotics trafficking, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 2. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Lewis entered into a plea agreement with the government that contained a waiver of his appellate rights, in which it was

> agreed (i) that the defendant will not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 and/or Section 2241; nor seek a sentence modification pursuant to Title 18, United States Code, Section 3582(c), of any sentence within or below the Stipulated Guidelines Range of 360 months' to life imprisonment, and (ii) that the Government will not appeal any sentence within or above the Stipulated Guidelines Range. This provision is binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, it is agreed that any appeal as to the defendant's sentence that is not foreclosed by this provision will be limited to that portion of the sentencing calculation that is inconsistent with (or not addressed by) the above stipulation. The parties agree that this waiver applies regardless of whether the term of imprisonment is imposed to run consecutively to or concurrently with the undischarged portion of any other sentence of imprisonment that has been imposed on the defendant at the time of sentencing in this case. The defendant further agrees not to appeal any term of supervised release that is less than or equal to the statutory maximum. The defendant also agrees not to appeal any fine that is less than or equal to $500,000 and the Government agrees not to appeal any fine that is greater than or equal to $50,000.

Gov't App'x at 4.

"It is . . . well established that a knowing and voluntary waiver of the right to appeal is generally enforceable." *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001) (internal citation omitted). "[E]xceptions to the presumption of the enforceability of a waiver . . . occupy a very circumscribed area of our jurisprudence." *United States v. Gomez-Perez*, 215 F.3d 315, 319

(2d Cir. 2000). One such exception is "where the waiver was not made knowingly, voluntarily, and competently." *United States v. Burden*, 860 F.3d 45, 51 (2d Cir. 2017) (internal citation and quotation marks omitted).

Lewis primarily argues that the magistrate judge failed to explore the ramifications of his appellate waiver with him in sufficient detail during his plea colloquy, such that his waiver was not knowing and voluntary. Having examined the plea colloquy, we disagree. The magistrate judge went through each part of the waiver with Lewis and asked if he understood, and Lewis agreed that he understood. The appellate waiver is enforceable.

Whether an agreement not to appeal from a term of supervised release equal to or less than the statutory maximum permits an appellate challenge to the conditions of such release need not be decided in this case because the government has not relied on the appeal waiver provision of the plea agreement to preclude consideration of the merits of those conditions. *Cf. United States v. Franco*, No. 17-891, 2018 WL 2077889 (2d Cir. May 4, 2018) (summary order).

On the merits, Lewis's challenge to his conditions of supervised release fail. The judgment's specification that the probation officer would determine the amount of co-payment for the cost of treatment was an administrative implementation of the oral sentence, and was valid, *see United States v. Bull*, 214 F.3d 1275, 1278-79 (2d Cir. 2000). Also valid was the condition that the Appellant respond truthfully to inquiries from the probation officer. *See United States v. Johnson*, 446 F.3d 272, 278 (2d Cir. 2006). That condition need not be accompanied by a caveat concerning the availability of a self-incrimination privilege.

We have considered the remainder of Lewis's arguments and find them to be without merit. Accordingly, the appeal hereby is DISMISSED in part and AFFIRMED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk