[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-10426
Non-Argument Calendar

_____

D.C. Docket No. 5:17-cr-00339-AKK-JHE-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SEAN EUGENE GAY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(September 12, 2018)

Before ROSENBAUM, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Sean Eugene Gay pled guilty to failure to register under the Sex Offender Registration and Notification Act ("SORNA") and was sentenced to imprisonment to be followed by a period of supervised release. The supervised release included several special conditions, including a requirement that Gay undergo sex-offender evaluation and treatment. On appeal, Gay argues that the district court abused its discretion in imposing this condition because the court failed to adequately explain why the condition was necessary and because the condition was not reasonably related to the 18 U.S.C. § 3553(a) factors. After careful review, we affirm.

**I.**

In September 2017, Gay pled guilty to one count of failure to register as a sex offender under SORNA, in violation of 18 U.S.C. § 2250(a). According to the presentence investigation report ("PSR"), Gay was required to register as a sex offender due to a 2004 Michigan conviction for third-degree criminal sexual conduct. He last registered as a sex offender in Michigan in November 2016. In March 2017, Alabama law enforcement officers encountered Gay while investigating a suspicious vehicle parked behind a high school. Gay was arrested for illegal possession of alcohol, and investigators later determined that he was a sex offender who was not registered in Alabama.

The PSR contains additional details regarding the prior sex offense. Gay was arrested for having sex with a 14-year-old girl when he was 21 years old. The

2

victim's mother reported to police that Gay had known her daughter only for a few days. After serving a sentence of imprisonment for that offense, Gay repeatedly violated the conditions of his parole, absconding twice, refusing to submit to or failing drug screens, failing to report changes in residence, and failing residential drug treatment. The PSR also notes that Gay was attending sex-offender treatment in September 2014, though it does not say whether he completed it. He was discharged from parole in October 2016.

Gay filed a sentencing memorandum asking the court to impose a sentence of ten months' imprisonment[1] to be followed by five years of supervised release, with special conditions requiring him to participate in treatment for mental-health and substance-abuse issues. He attributed his failure to comply with the conditions of his parole and SORNA to these issues. However, Gay requested that the court not impose any special conditions that would restrict his access to computers or the internet or require him to attend sex-offender evaluation and treatment. He explained that he had already participated in sex-offender treatment and had no new sex offenses or inappropriate use of computers.

At sentencing, the district court adopted the PSR's guideline calculations and then asked the parties to offer sentencing recommendations, noting that it had read Gay's sentencing memorandum. Gay reiterated the requests from his

---

[1] More precisely, Gay asked for a sentence of time served, as he had been in pretrial detention for approximately 10 months. Gay's guideline range was 10 to 16 months.

3

memorandum.  The government agreed that a 10-month sentence was appropriate but did not address supervised-release conditions.

Expressly referencing the sentencing factors under 18 U.S.C. § 3553(a), the district court sentenced Gay to 16 months of imprisonment to be followed by five years of supervised release.  In addition to the standard conditions of release, the district court imposed the following special conditions: that he (a) participate in drug and alcohol treatment "due to [his] reported history of drug abuse"; (b) participate in mental-health treatment "due to the information contained in the mental health portion of the [PSR]"; (c) not be in a position of trust to children; (d) register as a sex offender; (e) allow the probation officer access to photographs and videos; (f) submit to warrantless searches; and, finally, (g) "participate in an approved mental health treatment program specializing in sex offender treatment . . . [,] [which] may include psychosexual evaluation; family, group, and/or individual counseling; and psychological and clinical polygraph testing."

Gay objected to the condition that he undergo sex-offender treatment.  Defense counsel stated that Gay had twice completed a psychosexual evaluation and sex-offender treatment, once while serving his state sentence and once while on parole.  Counsel further argued that sex-offender treatment was unnecessary and unreasonable because Gay had not had any new sex offenses since the 2004 conviction.  The court responded, "Duly noted."  The court then stated, without

4

further elaboration, that the special condition would remain despite Gay's objections. Gay now appeals, challenging the sex-offender-treatment condition.

## II.

We review a district court's imposition of a special condition of supervised release for an abuse of discretion. *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003). We will reverse only if we have a definite and firm conviction that the court committed a clear error of judgment in the conclusion it reached. *Id.*

A "district court may impose any condition of supervised release it deems appropriate so long as it comports with the factors enumerated in § 3553(a)." *United States v. Zinn*, 321 F.3d 1084, 1089 (11th Cir. 2003) (citing 18 U.S.C. § 3583(d)). Specifically, § 3583(d) states that a district court may order any appropriate special condition so long as it meets three requirements: (1) it is "reasonably related" to the defendant's history and characteristics, the nature and circumstances of the offense, and the sentencing purposes of deterrence, protection of the public, and rehabilitation of the defendant; (2) it "involves no greater deprivation of liberty than is reasonably necessary" for those same purposes; and (3) it "is consistent with any pertinent policy statements issued by the Sentencing Commission." 18 U.S.C. § 3583(d)(1)–(3); *see* U.S.S.G. § 5D1.3(b).

Special conditions need not relate to each applicable § 3553(a) factor; rather, each factor is an independent consideration to be weighed. *United States v.*

5

*Moran*, 573 F.3d 1132, 1139 (11th Cir. 2009). Additionally, "[a]lthough a condition of supervised release should not unduly restrict a defendant's liberty, a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." *Id.* (quotation marks omitted).

Gay challenges two aspects of the district court's decision to impose the special condition of sex-offender evaluation and treatment. First, he argues that the court failed to explain why that condition was appropriate in light of the purposes of supervised release. Second, he contends that there is no reasonable relationship between the condition and the relevant sentencing factors.

**A.**

In general, a district court must state in open court the reasons for imposing a particular sentence. 18 U.S.C. § 3553(c). The court "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 552 U.S. 38, 50 (2007). Ordinarily, if the defendant presents nonfrivolous reasons for imposing a different sentence, the court will "explain why [it] has rejected those arguments." *Rita v. United States*, 551 U.S. 338, 357 (2007). At bottom, the court should set forth enough to show "that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Id.* at 356.

We agree with Gay to the extent that, as a general matter, a district court should explain its reasons for imposing a particular special condition, at least where the defendant objects and presents nonfrivolous reasons for not imposing that condition. *See Rita*, 551 U.S. at 357. Like the court's explanation of its reasons for imposing a particular sentence, the court's explanation of its reasons for imposing a particular discretionary condition of release aids appellate review and promotes the perception of fair sentencing. *See Gall*, 552 U.S. at 50.

Nevertheless, the district court here provided enough to show that it had considered the parties' arguments and had a reasoned basis for exercising its authority to impose the special condition. *Rita*, 551 U.S. at 356. The court expressly referred to the relevant § 3553(a) factors, it adopted the facts contained in the PSR, and it stated that it had read Gay's sentencing memorandum, which argued against the sex-offender-treatment condition. Then, after imposing the special conditions, the court considered and rejected Gay's objection to the sex-offender-treatment condition. This was sufficient under the circumstances.

As the Supreme Court recently stated, "In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others." *Chavez-Meza v. United States*, 585 U.S. ___, ___, 138 S. Ct. 1959, 1965 (2018). The district court did that here.

7

While the court did not go further and specifically explain why it was overruling Gay's objection, we find that the record is adequate to discern and review the court's reasons for imposing the condition. *See Rita*, 551 U.S. at 356–57.

## B.

We next consider Gay's argument that the condition that he undergo sex-offender evaluation and treatment is not reasonably related to the relevant § 3553(a) factors. He says that the condition is not reasonably related because the original offense was 13 years old, he underwent sex-offender treatment twice previously, and he has not committed any new sexual offenses.

The Sentencing Guidelines recommend that a sentencing court order, as a special condition of supervised release, that the defendant participate in a mental-health treatment program "[i]f the court has reason to believe that the defendant is in need of psychological or psychiatric treatment." U.S.S.G. § 5D1.3(d)(5). In *Moran*, we upheld the imposition of a special condition requiring the defendant, who was convicted of unlawful firearm possession, to participate in a sex-offender treatment program. 573 F.3d at 1135, 1139. Because Moran had a "documented history of sex-related offenses" and he did not "dispute that he [was] a convicted sex offender," we found that "[t]reatment could assist Moran in avoiding similar future misconduct, which would protect the public." *Id.* at 1139.

Further, we rejected Moran's arguments against the condition.  First, we said that the condition did not need to relate to the offense of conviction because "we have approved of mental treatment to address unrelated prior crimes."  *Id.*; *see United States v. Bull*, 214 F.3d 1275, 1276–78 (11th Cir. 2000).  Second, we found that the 10-year-old prior conviction was not too remote, stating that the defendant's argument "ignore[d] that he was discovered in a household containing a minor female soon after his release from prison and had failed to register as a sex offender under state law."  *Moran*, 573 F.3d at 1139.  Finally, we found that the sex-offender treatment would not excessively infringe on his liberty, noting the probation officer's testimony "that Moran would undergo regular evaluations and, if further treatment was unnecessary, he would be released from the program."  *Id.*

Here, the district court did not abuse its discretion by requiring Gay to undergo sex-offender evaluation and treatment.  There is no dispute that Gay is a convicted sex offender, so the condition is rationally related to his history and characteristics and to the sentencing purposes of rehabilitation and protection of the public.  *See Moran*, 573 F.3d at 1139.  Further, Gay does not contend that the condition unduly restricts his liberty or that it is inconsistent with the Sentencing Commission's policy statements.  *See* 18 U.S.C. § 3583(d)(1)–(3).

We are not persuaded by Gay's arguments that the condition was imposed in error.  First, Gay argues that the condition is not related to the SORNA offense,

9

"but we have approved of mental treatment to address unrelated prior crimes." *See Moran*, 573 F.3d at 1139. And the SORNA violation bears more of a relationship to the condition than did the firearm conviction at issue in *Moran. See id.* at 1135.

Second, Gay asserts that the prior conviction is too remote, but we upheld a court's reliance on a conviction of similar age in *Moran. See id.* at 1139. Moreover, similar to the defendant in *Moran*, Gay was discovered in the parking lot of a high school soon after his release from parole for the prior sex offense (involving a 14-year-old girl), and he had failed to register as a sex offender in Alabama. *Cf. id.* In light of these facts, the conviction was not too remote.

Finally, Gay asserts that he underwent sex-offender treatment twice previously and there is no evidence that he has any propensity to commit a new sex offense. However, Gay did not submit any details about what this evaluation and treatment entailed. And he was arrested for violating the registration requirements of SORNA less than a year after his discharge from parole for the prior sex offense. Given the absence of facts about the prior treatment and Gay's almost immediate failure to properly register as a sex offender, we are not left with a definite and firm conviction that the court made a clear error of judgment in deciding to impose sex-offender evaluation and treatment as a condition of his supervised release, notwithstanding the lack of new criminal sexual conduct since 2004. *See Taylor*, 338 F.3d at 1283.

10

For these reasons, the district court did not abuse its discretion by requiring

Gay to undergo sex-offender evaluation and treatment on supervised release.

**AFFIRMED**.