[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-10757

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

AARON MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:21-cr-00145-ACA-JHE-1

_____

Before JILL PRYOR, NEWSOM, and ANDERSON, Circuit Judges.

PER CURIAM:

Aaron Martinez appeals his sentence of 248 months imprisonment followed by five years of supervised release for possession of methamphetamine and cocaine with intent to distribute, possession of a firearm in furtherance of a drug-trafficking offense, and being a felon in possession of a firearm. Martinez argues that the district court violated his Fifth Amendment right to due process by imposing discretionary conditions of supervised release in its written judgment without first pronouncing those conditions at sentencing.

Objections not raised before the district court are normally reviewed only for plain error. *United States v. Etienne*, 102 F.4th 1139, 1144 (11th Cir. 2024). However, where a defendant "had no opportunity to object [to a condition of supervised release] at sentencing because the court included the requirement for the first time in its written final judgment," we review their legal argument de novo. *United States v. Bull*, 214 F.3d 1275, 1278 (11th Cir. 2000); *United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023).

The "district court must orally pronounce a defendant's sentence in his presence," and generally may not "add to the defendant's sentence in a written judgment entered after the sentencing hearing." *Rodriguez*, 75 F.4th at 1246. In the context of supervised release conditions, this principle means that "a district court must pronounce at the defendant's sentencing hearing any discretionary

conditions of supervised release—that is, any condition of supervised release other than those mandatory conditions set forth in 18 U.S.C. § 3583(d)." *Id.* Failure to do so represents a "deni[al] [of] due process with respect to these conditions," and requires that the conditions be vacated. *Id.* at 1249.

Here, the district court included 16 discretionary conditions of supervised release for the first time in its written final judgment. As such, Martinez did not have an opportunity to object to the conditions at sentencing, and this Court should review them de novo. *Rodriguez*, 75 F.4th at 1246 n.5. We vacate the discretionary conditions, because the district court's failure to pronounce them at sentencing deprived Martinez of his due process rights under the Fifth Amendment. *Id.* at 1249.

At the sentencing hearing, the district court did not reference any of the 19 standard conditions of supervised release it imposed in the final written judgment, including the 16 discretionary conditions. While the conditions were drawn from a standing administrative order, the district court never referenced that order during sentencing; nor did it reference the written plea agreement's recommendation that Martinez be "subject to the Court's standard conditions of supervised release" after his term of imprisonment. Because the district court included the additional discretionary conditions of supervised release in its written judgment without indicating at sentencing that it would adopt them, it deprived Martinez of notice of the conditions and an opportunity to object in violation of the Fifth Amendment's Due Process Clause. *Id.* Therefore, we

4                    Opinion of the Court                    23-10757

vacate the discretionary conditions and remand for resentencing, so that the district court may reconsider whether to impose the conditions after giving Martinez an opportunity to be heard.

**VACATED AND REMANDED**