[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14514
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-20113-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE HECTOR RUIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 10, 2018)

Before TJOFLAT, JULIE CARNES and HULL, Circuit Judges.

PER CURIAM:

Jorge Hector Ruiz was sentenced to a fifteen-year term of supervised release, following seventy months' incarceration, after he pleaded guilty to receipt of a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(2), (b)(1).  As a special condition of his supervised release, Ruiz is prohibited from having "personal, mail, telephone, or computer contact with children/minors under the age of 18 or with the victim."  On appeal, Ruiz argues that his term of supervised release is both procedurally and substantively unreasonable.  He also argues that the District Court plainly erred in unconditionally restricting his contact with minors as a special condition of his supervised release.

We reject Ruiz's arguments and affirm his sentence.

## I.

We review the reasonableness of a sentence, including the imposition of supervised release, under a deferential abuse-of-discretion standard.[1]  *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007); *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003).  When reviewing a sentence's reasonableness, we employ a two-step process.  *Gall*, 552 U.S. at 51, 128 S. Ct. at

---

[1] At sentencing Ruiz objected only to the length of his term of supervised release.  He argues that we should nonetheless review the procedural reasonableness of his term of supervised release for an abuse of discretion, not plain error, because his objection implied that he objected on grounds of both substantive and procedural reasonableness.  The Government disagrees.  We need not decide this question because, even under an abuse-of-discretion standard, the District Court did not impose a procedurally unreasonable term of supervised release.

2

597.  First, we confirm that the district court committed no significant procedural error, "such as . . . failing to adequately explain the chosen sentence." *Id.*  A district court's acknowledgement that it considered the defendant's arguments and the 18 U.S.C. § 3553(a) factors is itself sufficient explanation for a sentence. *United States v. McGarity*, 669 F.3d 1218, 1263 (11th Cir. 2012).

Second, we consider the substantive reasonableness of the sentence given the totality of the circumstances.  *Gall*, 552 U.S. at 51, 128 S. Ct. at 597.  The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2).  It must also consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, and the applicable Guidelines range.  *Id.* § 3553(a)(1), (3)–(4).  The district court abuses its discretion if it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment by unreasonably balancing the proper factors.  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).  The weight given to any specific § 3553(a) factor is a matter committed to the district court's sound discretion. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).  The party challenging the sentence bears the burden of proving the sentence unreasonable in light of the

record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Ruiz's fifteen-year term of supervised release is not procedurally unreasonable. Ruiz's core contention is that the District Court failed to adequately explain its reasoning for imposing fifteen years' supervised release.[2] However, the Court heard argument from Ruiz's counsel and testimony from the clinical director of the sexual addiction and disorder treatment center that Ruiz attended, from Ruiz's cousin, and from Ruiz himself. Before imposing Ruiz's sentence, the Court made clear that it "considered the statements of all the parties, the presentence report which contains the advisory guidelines and the statutory [sentencing] factors." The Court then stated that, given the applicable Guidelines range of five years to a life of supervised release, it believed a fifteen-year term was "appropriate." This constitutes sufficient explanation. *Cf. McGarity*, 669 F.3d at 1263.

Ruiz's term of supervised release, moreover, is substantively reasonable. At bottom, Ruiz contends that the District Court improperly balanced the § 3553(a) factors. After careful review, and keeping in mind that the weight accorded to the particular sentencing factors is a matter committed to the District Court's sound

---

[2] Ruiz adds that during his plea colloquy the Government stated that it would seek a maximum term of three years' supervised release. The statements made during the plea colloquy and the terms of the plea agreement, however, do not bind the District Court. Moreover, the Court determined that the Guidelines range for Ruiz's supervised release was five years to life.

discretion, we hold that the Court did not abuse its discretion in imposing a fifteen-year term of supervised release.

## II.

We generally review the imposition of special conditions of supervised release for an abuse of discretion. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). But, as here, where there was no objection to the conditions of supervised release in the district court, we review for plain error. *Zinn*, 321 F.3d at 1087. For an error to be plain, "we must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." *Id.* Indeed, such errors must be "clear" or "obvious." *United States v. Olano*, 507 U.S. 725, 734, 113 S. Ct. 1770, 1777 (1993).

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent Sentencing Commission policy statements. 18 U.S.C. § 3583(d)(l)–(3); *see id.* § 3553(a)(1), (a)(2)(B)–(D). It is not necessary for

a special condition to be supported by each relevant § 3553(a) factor; each factor is instead an independent consideration to be weighed. *Tome*, 611 F.3d at 1376.

A condition is not invalid simply because it affects the exercise of constitutionally protected rights. *Zinn*, 321 F.3d at 1089. The right of association may be restricted when "necessary to protect the public." *United States v. Moran*, 573 F.3d 1132, 1140 (11th Cir. 2009) (holding that the district court did not plainly err in restricting a defendant's contact with minors without written approval of his probation officer where the defendant had prior incidents involving minors). When the condition imposed is clear, and undisputed facts contained in the PSI support the condition, there is no error. *United States v. Ridgeway*, 319 F.3d 1313, 1317 (11th Cir. 2003). But a district court abuses its discretion if a condition is so broad or vague that a court could not reasonably determine that the condition meets the "reasonably related" and "no greater deprivation" requirements of 18 U.S.C. § 3583. *See id.*

To the extent Ruiz argues that the District Court erred because the special condition of no contact with minors is *per se* invalid given its unqualified nature,[3] we cannot agree under a plain-error standard of review. Neither this Court nor the United States Supreme Court has held such a condition to be *per se* invalid. "It is

---

[3] As the Government noted in its brief, although this special condition is not qualified, Ruiz can petition the District Court in the future to modify the conditions of his supervised release. 18 U.S.C. § 3583(e)(2); *see United States v. Trailer*, 827 F.3d 933, 937 (11th Cir. 2016).

the law of this circuit that, at least where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it." *United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003). To the extent Ruiz argues that the District Court erred because the condition is unduly restrictive in light of the statutory factors pertinent to his case, we find no error that is "clear" or "obvious." *See Olano*, 507 U.S. at 734, 113 S. Ct. at 1777. The District Court, therefore, did not commit plain error.

**AFFIRMED.**