[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 31, 2003
THOMAS K. KAHN
CLERK

No. 02-11751

D.C. Docket No. 01-CR-123-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY JAMES RIDGEWAY,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Alabama

**(January 31, 2003)**

Before CARNES and HULL, Circuit Judges, and HANCOCK[*], District Judge.

PER CURIAM:

Larry James Ridgeway appeals his 87-month sentence, imposed following his guilty plea to one count of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Ridgeway challenges a condition of his supervised release requiring him to refrain from "conduct or activities that would give reasonable cause to believe" that he had violated any criminal law. He claims that this condition is not authorized by U.S.S.G. § 5D1.3(b) because the court failed to make findings of fact sufficient to satisfy § 5D1.3(b). He additionally claims that the condition is unconstitutionally vague and overbroad.[1]

---

[*] Honorable James H. Hancock, United States District Judge for the Northern District of Alabama, sitting by designation.

[1] Since the Court determines that Condition 16 is so broad and vague that a court cannot justifiably make in any case the requisite findings under § 5D1.3(b), the Court refrains from discussing the constitutional issue on appeal. Generally, courts will not grasp a constitutional question for decision even though properly presented, if there is also present some other legitimate ground upon which the case can be decided. See e.g., City of Mesquite v. Aladdin's Castle, Inc., 455 U.S. 283, 294, 102 S.Ct. 1070, 1077 (1982); U.S. v. Odom, 252 F.3d 1289, 1293 ( 11th Cir. 2001); Santamorena v. Ga. Military Coll., 147 F.3d 1337, 1343 (11th Cir.1998). "If there is one doctrine more deeply rooted than any other in the process of constitutional adjudication, it is that we ought not to pass on questions of constitutionality . . . unless such adjudication is unavoidable." Spector Motor Serv., Inc. v. McLaughlin, 323 U.S. 101, 105, 65 S.Ct. 152, 154 (1944); see also Brockett v. Spokane Arcades, Inc., 472 U.S. 491, 501, 105 S.Ct. 2794, 2800 (1985); Ashwander v. TVA, 297 U.S. 288, 347, 56 S.Ct. 466, 483 (1936) (Brandeis, J., concurring); Liverpool, New York & Philadelphia S.S. Co. v. Comm'rs of Emigration, 113 U.S. 33, 39, 5 S.Ct. 352, 355 (1885). This is a "fundamental rule of judicial restraint" which has received the sanction of time and experience. Three Affiliated Tribes of Fort Berthold Reservation v. Wold Engineering, P.C., 467 U.S. 138, 157, 104 S.Ct. 2267, 2279 (1984). Further, the Supreme Court has described this canon as "corollary" to the Article III case or

2

# I. Background

In a two-count indictment, Ridgeway was charged in Count 1 with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d) and in Count 2 with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He pled guilty to Count 1 without the benefit of a written plea agreement, and the government later dismissed Count 2.[2] The district court sentenced Ridgeway to 87 months imprisonment and three years supervised release.

At the sentencing hearing, the district court imposed certain conditions on the supervised release term, stating:

> During that time [on supervised release] you are not to commit any other state, federal or local crime, abide by all the conditions of release on file with this court, not possess any firearms, dangerous weapons or controlled substances. And participate in whatever program is available at that time for testing and/or treatment, if necessary, for substance abuse.

(R2-8.) (emphasis added) The "conditions of release on file with this court" referred to by the district judge are a list of eighteen conditions of supervised release adopted by the Southern District of Alabama and encompassed in Probation

---

controversy requirement. See Rescue Army v. Municipal Court of Los Angeles, 331 U.S. 549, 570, 67 S.Ct. 1409, 1420 (1947).

[2] The facts underlying Ridgeway's conviction are undisputed and are not at issue.

3

Form 7A.  These conditions are routinely imposed as conditions of supervised release in the Southern District of Alabama.  Condition 16 states: "You shall refrain from conduct or activities which would give reasonable cause to believe you have violated any criminal law."

At sentencing, Ridgeway's counsel objected to the imposition of Condition 16.  (R2-8.)  Counsel also asked the district judge to make findings to support the imposition of the condition; however, the district court overruled the objection, stating "I'm not going to . . .  state any reason for the imposition of it, other than I think it is a reasonable requirement of the conditions of release that this Court is authorized to impose."  (R2-10, 11.)[3]

---

[3] The entire colloquy addressing the objection and the ruling was as follows:
MS. CAMPBELL: We object to the imposition of condition 16, my appellate specialist tells me that I need to ask the Court to make some findings regarding why that condition was imposed.
THE COURT: Why it was imposed?
MS. CAMPBELL: Why it was imposed.
THE COURT: Why not?
MS. CAMPBELL: Because we believe it's already covered in condition number 8, which is that –
THE COURT: Then why would you object to it?
MS. CAMPBELL: Because it lowers the burden of proof for the government.  Condition number 8 is you shall not violate any state, federal or local law.  Condition number 16 is you shall not do anything to give reasonable cause to believe you violated any state, federal or local law.  They are basically the same condition.  The difference being under condition 8, the government would have to prove by a preponderance of the evidence that the defendant committed the crime.  Under condition 16 it can be argued that merely being arrested for the crime is enough to satisfy the condition.
THE COURT: You have some reaction to that Mr. Bordenkircher?
MR. BORDENKIRCHER: You Honor, I won't battle the semantics of how its [sic] done.  At the hearing the court follows specific guideline on whether to find a preponderance of the

4

## II. Issue on Appeal

As an initial matter, although Condition 16 is not listed as a condition of supervised release in Ridgeway's written judgment, the court orally imposed it at the sentencing hearing.  (R1-14; R2-8 through 11.)  When the orally imposed sentence differs from the written order of judgment, the oral sentence controls. United States v. Jones, 289 F.3d 1260, 1264 n.5 (11th Cir.), cert. denied ___ S.Ct. ____, 2002 WL 1906967 (2002); United States v. Khoury, 901 F.2d 975, 977 (11th Cir. 1990).

This Court reviews a district court's imposition of a supervised release term for abuse of discretion.  See United States v. Bull, 214 F.3d 1275, 1277-78 (11th Cir.), cert. denied, 531 U.S. 1056 (2000).  A district court may impose conditions

---

evidence – find whether the person violated the condition.  I think the Court then –

     THE COURT: Excuse me, isn't what Ms. Campbell is saying is that's true with condition 8.  Condition 16, the condition is that the offender not give reasonable cause to believe – how is it worded Ms. Campbell?

     MS. CAMPBELL: Reasonable cause to believe you violated any criminal law.

     THE COURT: As opposed to condition 8, that he has violated another.

     MR. BORDENKIRCHER: Well, I think reasonable cause, you are still going to have to find by a preponderance of the evidence that reasonable cause is that he violated the law.  And I don't think, from my experience with the Court, just a simple arrest would not be enough.

     MS. CAMPBELL: I would point out, Your Honor, there is at least one judge in this district, Judge Hand, who believes that merely being arrested satisfies condition 16.

     THE COURT: Yeah.  Under certain circumstances it might.  But I'm not going to grant your objection or state any reasons for the imposition of it, other than I think it is a reasonable requirement of the conditions of release that this Court is authorized to impose.

     All right.  This matter is concluded.

(R2-8 through 11.)

of supervised release in accordance with four classes of conditions found in U.S.S.G. § 5D1.3. The first class of supervised release conditions is the list of "mandatory" conditions in U.S.S.G. § 5D1.3(a). When sentencing a defendant to a term of supervised release, a district court must impose § 5D1.3(a)(1), § 5D1.3(a)(2) and, in an appropriate case, must impose §§ 5D1.3(a)(3)-(7).

The second class of conditions is the list of fifteen "standard" conditions recommended in U.S.S.G. § 5D1.3(c) for supervised release. The Sentencing Guidelines note that several of these fifteen standard conditions are "expansions of the conditions required by statute." U.S.S.G. § 5D1.3(c). The third class of supervised release conditions is the list of "special" conditions in §§ 5D1.3(d) and (e). Section 5D1.3(d) contains seven special conditions that "are recommended in the circumstances described [in the condition], and, in addition, may otherwise be appropriate in particular cases." U.S.S.G. § 5D1.3(d). Section 5D1.3(e) contains five special conditions that "may be appropriate on a case-by-case basis." U.S.S.G. § 5D1.3(e).

The fourth class of supervised release conditions embraces any "other conditions" that a court may impose if the condition meets the requirements set forth in § 5D1.3(b). Section 5D1.3(b) states:

> The court may impose other conditions of supervised release to the
> extent that such conditions (1) are reasonably related to (A) the nature

and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public from further crimes of the defendant; and (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

U.S.S.G. § 5D1.3(b). This Court has held, however, that special conditions imposed pursuant to § 5D1.3(b) need not be related to each factor listed in § 5D1.3(b)(1); instead, each factor is an independent consideration to be weighed. See Bull, 214 F.3d at 1278.[4]

Conditions 1 through 15, plus 17 and 18 on Probation Form 7A, the list of conditions routinely imposed in the Southern District of Alabama, are embraced in §§ 5D1.3(a),(c), (d) or (e). The parties in this case agree that (a) Condition 16 is not a § 5D1.3(a) mandatory condition, nor a § 5D1.3(c) standard condition, nor a §§ 5D1.3(d), or (e) special condition and (b) the court could have imposed Condition 16 only pursuant to § 5D1.3(b) as the guidelines and their statutory foundation, 18 U.S.C. § 3553(d), do not indicate that a court may create other conditions not subject to this section's limitations. While we find no fault with this

_____

[4] In Bull, the condition was not related to the nature and circumstances of the offense of conviction, but this Court determined "this is not fatal where the other considerations in section 5D1.3 so clearly apply." Bull, 214 F.3d at 1278.

agreement, the problem with Condition 16 is more fundamental.

Condition 16, requiring of Ridgeway that he "refrain from conduct or activities which would give reasonable cause to believe [he has] violated any criminal law,"[5] proscribes not just criminal activity but a range of behavior so broad as to be inherently vague.[6] Since it is impossible to determine exactly what conduct is prohibited by Condition 16, no court could sufficiently evaluate it to determine if it satisfies the requirements of § 5D1.3(b)(1) and § 5D1.3(b)(2). As noted earlier, the Southern District of Alabama imposes Condition 16 as a part of every sentence of supervised release, apparently without complying with the requirement in <u>Bull</u> that each § 5D1.3(b)(1) factor is an independent factor to be weighed before imposing a condition of supervised release that can only be imposed under the authority of § 5D1.3(b). Certainly no findings of fact were made by the district court with regard to the § 5D1.3(b)(1) factors before it was imposed in this case, and the lack of clarity as to what conduct was proscribed would have prevented a proper consideration of § 5D1.3(b). In fact, though

---

[5] Condition 16 is certainly broader than the conditions set out in § 5D1.3(a)(1), § 5D1.3(c)(8) and § 5D1.3(c)(9) which address the subject of being a law-abiding person. Those three conditions are Conditions 1, 9 and 10 of Probation Form 7A utilized by the Southern District of Alabama.

[6] The Court cannot envision what advice an attorney might give to a client, with reasonable professional confidence, regarding "conduct or activities" proscribed by Condition 16.

8

requested, the district court expressly refused to make specific findings as to Condition 16 other than it was a "reasonable requirement" that the district court was authorized to impose. We do not hold that <u>specific</u> findings must be made by the district court on each § 5D1.3(b) factor in every case. In a proper case, § 5D1.3(b) may be satisfied where the condition being imposed is clear and undisputed facts contained in the Presentence Investigation Report ("PSI") support the condition under a § 5D1.3(b) analysis. <u>See</u> <u>Bull</u>, 214 F.3d at 1278 (relying solely on information in the PSI to find no abuse of discretion in imposing the challenged required condition).

We simply hold that Condition 16 was not validly imposed because, given its breadth and vagueness, a court could not reasonably determine that it meets the "reasonably related" requirements of § 5D1.3(b)(1) or the "no greater deprivation" requirement of § 5D1.3(b)(2). Accordingly, we VACATE the portion of Ridgeway's sentence imposing Condition 16 as a condition of supervised release.