[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15611
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00234-CR-ORL-18-DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GLENN DEJARNETT THORTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(September 3, 2010)

Before TJOFLAT, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Glenn Dejarnett Thorton appeals his convictions and sentences for possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e)(1) and 2 (Count 6), and using and carrying a firearm during and in relation to and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2 (Count 7). Thorton was sentenced to 120 months imprisonment on Count 6 and 202 months imprisonment on Count 7, with those sentences to be served consecutively.

## I.

The Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), provides a mandatory minimum sentence of fifteen years for anyone who violates 18 U.S.C. § 922(g)(1) after three convictions for a violent felony or a serious drug offense. In this case, Thorton pled guilty to violating § 922(g)(1). At his sentencing hearing, the district court determined that he had three previous convictions for qualifying offenses making him subject to the § 924(e)(1) sentence enhancement. The district court, however, did not impose the enhancement and instead sentenced Thorton to only ten years in prison on that count because his written plea agreement stated that was the maximum sentence he could receive. Thorton argues that the citation to § 922(e)(1) should be removed from his written judgment of conviction because he was not sentenced under the ACCA.

2

We do not need to decide whether the district court erred by failing to apply the ACCA because the government has not cross appealed Thorton's sentence. See Greenlaw v. United States, 554 U.S. 237, 128 S.Ct. 2559, 2564 (2008) (holding that a court of appeals may not increase a defendant's sentence in the absence of an appeal or cross appeal by the government). Because Thorton's written judgment of conviction does not accurately reflect the district court's oral sentence, we remand to the district court to delete the reference to 18 U.S.C. § 924(e)(1) in the written judgment of conviction. See United States v. Ridgeway, 319 F.3d 1313, 1315 (11th Cir. 2003) (noting that an oral sentence controls when it is in conflict with the written judgment of conviction).

## II.

Thorton also challenges the constitutionality of § 922(g)(1) . "Generally, we review de novo the constitutionality of a statute because it is a question of law." United States v. Wright, 607 F.3d 708, 715 (11th Cir. 2010). However, we review Thorton's challenge only for plain error because he raises it for the first time on appeal. See id. "Plain error occurs if (1) there was error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings." Id. (quotation marks omitted).

Thorton asserts that § 922(g)(1) is an invalid exercise of Congress' Commerce Clause power because possession of a firearm by a convicted felon is not conduct which has a substantial impact on interstate commerce. Thorton's argument is foreclosed by United States v. Scott, 263 F.3d 1270, 1274 (11th Cir. 2001). He also argues that § 922(g)(1) is unconstitutional as applied to him because the government failed to prove that his possession of a firearm had a substantial impact on interstate commerce. Thorton's argument is without merit. Section 922(g) "only requires that the government prove some 'minimal nexus' to interstate commerce, which it may accomplish by 'demonstrat[ing] that the firearm possessed traveled in interstate commerce.'" Wright, 607 F.3d at 715–16 (quoting Scott, 263 F.3d at 1274)). Thorton admitted as part of his guilty plea that the firearms he had possessed had traveled in interstate commerce. We conclude that no error occurred, plain or otherwise.

Thorton also asserts that § 924(c) is an invalid exercise of Congress' Commerce Clause power. That argument is foreclosed by United States v. Ferreira, 275 F.3d 1020, 1028 (11th Cir. 2001).

III.

Relying on District of Columbia v. Heller, 128 S.Ct. 2783 (2008), Thorton argues that §§ 922(g)(1) and 924(c) violate the Second Amendment. Because he

4

raises these arguments for the first time on appeal, we again review only for plain error. See Wright, 607 F.3d at 715. As for Thorton's challenge to § 922(g)(1), we have already rejected it. See United States v. Rozier, 598 F.3d 768, 770–71 (11th Cir. 2010). His challenge to § 924(c) is also without merit. Section 924(c) imposes enhanced penalties on "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ." See 18 U.S.C. § 924(c)(1)(A). As the Supreme Court observed in Heller, "the right secured by the Second Amendment is not unlimited." 128 S.Ct. at 2816. Nothing in that decision suggests that § 924(c) violates the Second Amendment.

## IV.

Finally, Thorton contends that § 924(c)(1)(A)(i), which requires a district court to sentence a defendant to "not less than five years" in prison, is ambiguous because it does not specify the maximum sentence that may be imposed. See 18 U.S.C. § 924(c)(1)(A)(i). He argues that under the rule of lenity the maximum sentence should be five years rather than life imprisonment. See United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000) (observing that "every conviction under § 924(c)(1)(A) carries with it a statutory maximum sentence of life imprisonment, regardless of what subsection the defendant is sentenced under").

5

We find no merit in Thorton's argument. Congress' express inclusion of a minimum sentence in § 924(c)(1)(A)(i), but not a maximum sentence, does not make that provision ambiguous. It merely evidences Congress' intent to give district courts discretion in determining the maximum sentence to impose.

V.

We affirm Thorton's convictions and sentences and remand for the limited purpose of removing the citation to 18 U.S.C. § 924(e)(1) on his written judgment of conviction.

**AFFIRMED AND REMANDED.**