[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10669
Non-Argument Calendar
_____

D.C. Docket No. 2:03-cr-14068-DLG-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSEPH POIGNANT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 18, 2017)

Before TJOFLAT, JULIE CARNES and JILL PRYOR, Circuit Judges.

PER CURIAM:

Poignant pled guilty to using a computer to persuade, induce, entice, and

coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

The district court sentenced Poignant to sixty months' imprisonment, followed by ten years of supervised release. The court imposed the standard conditions of supervision as well as several special conditions. Joseph Poignant appealed his special condition of supervised release prohibiting him from buying, selling, exchanging, possessing, trading, or producing visual depictions of minors or adults engaged in sexually explicit conduct, reimposed after he violated the conditions of his supervised release for the second time. On appeal, Poignant argued that the district court abused its discretion in imposing this supervised release condition. He contended that the record did not support the imposition of this condition because the underlying offense did not involve adult pornography. He also stated that the condition constituted a greater-than-necessary deprivation of his constitutional liberties. Upon review of the record and consideration of the parties' briefs, we affirm.

We typically review the imposition of special conditions of supervised release for abuse of discretion. *United States v. Taylor*, 338 F.3d 1280, 1283 (11th Cir. 2003). Under this standard of review, we refrain from reversing unless we have a "definite and firm conviction that the district court committed a clear error of judgment in the conclusion it reached." *Id*. (brackets and quotation omitted). However, where a defendant fails to clearly articulate the grounds for an objection to a condition of supervised release in the district court, we only review the

2

imposition of the condition for plain error. *United States v. Carpenter*, 803 F.3d 1224, 1237–38 (11th Cir. 2015). Under plain-error review, we have the discretion to correct an error where (1) an error occurred; (2) the error was plain; and (3) the error affects substantial rights. *United States v. Olano*, 507 U.S. 725, 732–36 (1993). An error is plain when "contrary to explicit statutory provisions or to on-point precedent in this Court or the Supreme Court." *United States v. Hoffman*, 710 F.3d 1228, 1232 (11th Cir. 2013) (quotation omitted).

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, history, and characteristics of the defendant, the need for adequate deterrence, the need to protect the public, and the need to provide the defendant with necessary medical care, training, or correctional treatment in an effective manner; (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent policy statements issued by the Sentencing Commission. 18 U.S.C. § 3583(d)(1)–(3); *see* 18 U.S.C. § 3553(a)(1), (2)(B)–(D). Each relevant § 3353(a) factor need not support a special condition; rather, each factor is weighed as an independent consideration. *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir. 2010). While a condition of supervised release "should not unduly restrict a defendant's liberty, a condition is not invalid simply because

3

it affects a probationer's ability to exercise constitutionally protected rights." *Id*. (quotation omitted).

This Court once before reviewed a condition of supervised release barring sexually explicit material in a published opinion, although only for plain error. *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). In *Carpenter*, the defendant was convicted of possessing child pornography. 803 F.3d at 1230, 1239–40. We held that the district court did not plainly err in imposing as a condition of supervised release that the defendant not access "depictions of minors or adults engaged in sexually explicit conduct." *Id*. Because the issue was not properly preserved at the district court and no controlling authority from this Court or the Supreme Court established that the district court erred in imposing the condition, we stated that we "need not, and do not, decide whether the court indeed erred." *Id*. at 1238–39.

Though we have not reviewed special conditions banning sexually explicit material for abuse of discretion, we previously addressed whether conditions in other circumstances amounted to an abuse of discretion for being unrelated to the sentencing factors or entailing a greater deprivation of liberty than necessary. This Court vacated a supervised release condition that we held as so vague and broad that a court could not determine if it met the statutory requirements. *See United States v. Ridgeway*, 319 F.3d 1313, 1316–17 (11th Cir. 2003) (discussing the

4

factors in imposing special conditions of supervised release under U.S.S.G. § 5D1.3(b), which mirrors the relevant language in 18 U.S.C. § 3553(a)).  In *Ridgeway*, the district court convicted the defendant of possessing an unregistered firearm.  319 F.3d at 1314.  As a condition of supervised release, the court ordered the defendant to "refrain from conduct or activities that would give reasonable cause to believe [he] violated any criminal law."  *Id*. at 1314.  The court vacated the condition because it proscribed a range of behavior so broad it was inherently vague, and a court could not determine if the condition reasonably related to the sentencing factors or entailed no greater deprivation of liberty than necessary.  *Id*. at 1316–17.

This Court previously upheld conditions relating to the sentencing factors where the prohibited activity was central to the defendant's offense.  *See Taylor*, 338 F.3d at 1284–85.  In *Taylor*, the district court convicted a defendant of using the internet to transmit information about a minor with the intent to encourage others to engage in criminal sexual activity with the minor.  *Id*. at 1285–86.  On appeal, we upheld a special condition prohibiting the defendant from using or possessing a computer with internet access.  *Id*.  This Court held that the district court did not abuse its discretion in imposing the condition because the enabled the defendants crime and the defendant capitalized on the effectiveness of the internet as a tool to commit the crime and reach pedophiles.  *Id*.

5

Here, while Poignant objected to the adult pornography condition at the most recent revocation hearing, he failed to object to or appeal the same condition when it was imposed at his initial sentencing and at the revocation hearing following his first violation of supervised release. Although Poignant is now subject to a new sentence, his arguments regarding the special condition focus not on whether it was appropriate to reimpose the condition, but whether the condition was initially appropriate given the underlying offense conduct. This Court has not addressed the proper standard of review for the reimposition of special conditions to which the defendant failed to object when initially imposed. Although it is unclear whether this Court should review the district court's imposition of this special condition for plain error or abuse of discretion, it need not decide which standard of review applies because Poignant's claim fails under both the plain error and less-deferential abuse-of-discretion standard.

If the issue was not properly preserved and plain error review applies, there is no controlling precedent from either the Supreme Court or Eleventh Circuit indicating the impropriety of imposing a prohibition on possessing visual depictions of adults engaged in sexually explicit conduct as a condition of supervised release for a defendant convicted of enticement of a minor. *Hoffman*, 710 F.3d at 1232; *see Carpenter*, 803 F.3d at 1240–41 (rejecting a challenge to a special condition prohibiting depictions of adults engaged in sexually explicit

6

conduct and noting that there can be no plain error on this issue, as there is a circuit split and no binding precedent).  Thus, the district court is affirmed under plain error review.

If Poignant properly preserved the issue and the abuse of discretion standard applies, Poignant failed to demonstrate that the district court abused its discretion in prohibiting him from viewing, possessing, or producing visual depictions of adults engaged in sexually explicit conduct.  As an initial matter, the Eleventh Circuit does not require the district court to articulate specific reasons for reimposing a particular condition.  *See Taylor*, 338 F.3d at 1283.  Furthermore, the record indicates that a prohibition against depictions of adults engaged in sexually explicit conduct is reasonably related to the nature and circumstances of the offense, the need to protect the public, and the need to rehabilitate the defendant.  *See* 18 U.S.C. §§ 3583(d)(1), 3553(a)(1), 2(C)–(D).  This Court has indicated that cases involving children or child pornography are distinct from cases with records void of abusing or possessing pornography in the past or in the commission of the offense.  *See Carpenter*, 803 F.3d at 1240.  Although Poignant's conviction, unlike that in *Carpenter*, does not directly involve child pornography or actual abuse of a child, the record provides evidence that the condition is reasonably related to several relevant § 3553(a) factors.

First, while the specific charge to which Poignant pled guilty, enticement of a minor, did not involve child pornography or actual contact with a child, the presentence report indicated that Poignant intended to have sex with a child, provided evidence that Poignant molested his then-ten-year-old daughter, and that his computer contained twenty to twenty five images of child pornography. Second, the report and recommendation (R&R) issued concerning Poignant's first violation of supervised release stated that the probation officer discovered Poignant accessed various "swinger dating sites" and a website called "teenhardmovies.com" via the internet, resulting in his discharge from the sex offender treatment program in which he participated. The R&R also indicated that the probation officer testified that the type of internet activity in which Poignant engaged was similar to the type of internet activity leading him to commit the crime for which he was convicted. Third, Poignant admitted at the most recent revocation hearing before the district court that his access to certain content on the internet led, at least in part, to his offense conduct. Both he and his attorney acknowledged that Poignant was a sex addict in need of help controlling his thoughts and conduct. Finally, the district court noted before reimposing the conditions of supervised release that while the specific violations of supervised release did not involve children, they nonetheless involved conduct similar to his underlying offense, which did involve children. Taking all of this into

8

consideration, like the use of the internet in *Taylor*, Poignant's sexual experiences with adult pornography are not merely incidental to his offense conduct. *Taylor*, 338 F.3d at 1285.

Poignant's condition does not involve a greater deprivation of liberty than necessary to accomplish goals of deterrence, protecting the public, and rehabilitation. While the condition unquestionably affects Poignant's ability to possess and produce constitutionally protected speech, the record indicates that the restriction is warranted. The condition here does not rise to the level of vagueness that warrants vacating because a court could not determine if it met the statutory requirements. *See Ridgeway*, 319 F.3d at 1316–17. Moreover, this Court distinguished a special condition barring depictions of "adults engaged in sexually explicit conduct" from conditions expressly prohibiting possession of "pornography," which other circuits struck down as vague. *See Carpenter*, 803 F.3d at 1240.

Here, the relevant portion of the condition does not contain broad language barring all pornography, but is specific to "visual depictions of minors or adults engaged in sexually explicit conduct." Although this language sweeps some constitutionally protected speech within its purview, "a condition is not invalid simply because it affects a probationer's ability to exercise constitutionally protected rights." *Tome*, 611 F.3d at 1376 (quotation omitted). While such a

9

condition might involve a greater-than-necessary deprivation of free speech liberties in a case where there was little or no connection between pornography and the defendant's underlying conduct, *see Voelker*, 489 F.3d at 151–53, Poignant's experiences with adult pornography are linked to his sexual interest in children.

Accordingly, because the special condition was reasonably related to the relevant § 3553(a) factors, and because the special condition did not unnecessariy impinge upon Poignant's constitutional rights, the district court did not abuse its discretion in imposing as a special condition of supervised release that Poignant refrain from viewing, possessing, or producing visual depictions of adults engaged in sexually explicit conduct. We affirm Poignant's special condition of supervised release.

**AFFIRMED.**