[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15594
Non-Argument Calendar

_____

D.C. Docket No. 0:06-cr-60238-PCH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY MINNIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 12, 2019)

Before JILL PRYOR, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Bobby Minnis, through his lawyer, appeals the district court's denial of Minnis's pro se motion to correct illegal sentence. No reversible error has been shown; we affirm.

In 2006, a federal grand jury charged Minnis with one count of traveling in interstate commerce for the purpose of engaging in illicit sexual conduct with a minor, in violation of 18 U.S.C. § 2423(b). Minnis pleaded guilty pursuant to a written plea agreement.

Meanwhile -- based on the same conduct underlying Minnis's federal offense -- Minnis had been charged earlier in Florida state court with several counts of lewd and lascivious battery (the "2005 case"). While awaiting trial in the 2005 case, Minnis attempted to hire a hitman to murder the 14-year old victim involved in the 2005 case. Based on that conduct, Minnis was charged in state court with solicitation to commit murder (the "2008 case"). Minnis pleaded guilty to both state offenses. In the 2005 case, the state court sentenced Minnis to a total of 20 years' imprisonment. The state court later imposed a 20-year sentence in the 2008 case, to run concurrent and coterminous with the sentence in the 2005 case.

2

At Minnis's federal sentencing hearing, both the government and Minnis requested that Minnis's federal sentence run concurrent with Minnis's state court sentences. In response, the sentencing judge expressed deep concern about the seriousness of Minnis's offenses. The sentencing judge said expressly that a concurrent sentence -- which would result in a total sentence of 20-years' imprisonment for all of Minnis's offenses -- would be inappropriate and insufficient punishment in the light of the 18 U.S.C. § 3553(a) factors. The district court focused especially on Minnis's history and characteristics, the seriousness of his offense, and the need to protect the public.

The district court sentenced Minnis to 97 months' imprisonment: the high end of the sentencing guidelines range. The district court then said that the "terms of imprisonment shall run concurrently with the [2005 case] and shall run concurrently and consecutively with regard to the [2008 case]. To the extent -- all but five years shall run concurrently. The balance of five years shall run consecutive to his State imprisonment."

The written judgment -- entered in October 2008 -- provided that Minnis's 97-month "term of imprisonment shall run concurrently with [the 2005 case]. This term of imprisonment shall also run both concurrently and consecutively to [the 2008 case] to the extent that all but five (5) years shall run concurrent with [the

3

2008 case] and five (5) years shall run consecutively." Neither Minnis nor the government appealed.

In 2016, the district court sua sponte entered an amended judgment pursuant to Fed. R. Crim. P. 36. The amended judgment provided that Minnis's 97-month sentence "shall commence when the defendant has thirty-seven (37) months remaining on his sentences in [the 2005 case] and [the 2008 case], and shall run concurrently with those sentences until sixty (60) months of the term remain, at which point the sentence will run consecutively to [the 2005 case] and [the 2008 case]."

Minnis filed several pro se motions challenging the 2016 amended judgment, including the motion to correct illegal sentence at issue in this appeal.[*] The district court denied Minnis's motion, concluding that the 2016 amended judgment made no substantive change to Minnis's original 2008 judgment. Instead, the district court said that the amended judgment clarified the original judgment and gave effect to the sentencing court's intention to have Minnis serve five years' imprisonment in addition to his state court sentences.

---

[*] Contrary to the government's argument, Minnis appealed timely the district court's 28 November 2017 denial of his motion to correct illegal sentence. Minnis delivered to prison officials his notice of appeal on 8 December 2017: within the pertinent 14-day time limit. See Fed. R. App. P. 4(b)(1)(A)(i).

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36.  Courts may not use Rule 36 to make substantive changes to a criminal sentence.  United States v. Portillo, 363 F.3d 1161, 1164 (11th Cir. 2004).

"When the orally imposed sentence differs from the written order of judgment, the oral sentence controls."  United States v. Ridgeway, 319 F.3d 1313, 1315 (11th Cir. 2003).  Under Rule 36, the district court may "at any time" correct a "clerical" error in the written judgment "to ensure that the judgment is in accord with the oral sentence."  Portillo, 363 F.3d at 1164.  "In determining the terms of a sentence, it is the intent of the sentencing judge which controls, and that intent is to be determined by reference to the entire record."  United States v. Purcell, 715 F.2d 561, 563 (11th Cir. 1983).

On this record, the sentencing judge intended unambiguously to sentence Minnis to a term of imprisonment, five years of which would run consecutively to Minnis's state court sentences in the 2005 and the 2008 cases.  The sentencing judge said expressly that a 20-year total sentence was insufficient in this case based on consideration of the section 3553(a) factors.  The sentencing judge also concluded the oral pronouncement by ordering that "all but five years shall run

5

concurrently.  The balance of five years shall run consecutive to his State imprisonment."

To the extent that the original written judgment conflicted with the sentencing judge's oral pronouncement, the district court was authorized under Rule 36 to amend the written judgment to reflect accurately the oral sentence.  See Portillo, 33 F.3d at 1164.  The amended judgment made no substantive change to the oral sentence and, instead, clarified how the sentence was to be carried out consistent with the unambiguous intent of the sentencing court.  The district court committed no error in denying Minnis's motion.

AFFIRMED.