[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-11641
Non-Argument Calendar
_____

D.C. Docket No. 2:10-cr-14013-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY HOWARD SPRIGGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 20, 2020)

Before WILSON, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Timothy Spriggs, who was released from prison after serving 126 months for one count of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), appeals the district court's modification of his supervised release conditions, pursuant to 18 U.S.C. § 3583(e)(2). Spriggs first argues that the district court failed to consider the 18 U.S.C. § 3553(a) factors in accordance with § 3583(e). Second, Spriggs argues that the district court abused its discretion because the § 3553(a) factors did not warrant modifying his supervised release conditions. For the following reasons, we affirm.

In modifying conditions of supervised release, a district court is required to consider certain § 3553(a) factors. *See* § 3583(e)(2). The relevant factors are:

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed—

. . .

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes of the defendant; and

(D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

. . .

(4)    the kinds of sentence and the sentencing range established for—

2

     (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ; or

     (B)    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission . . . ;

(5)    any pertinent policy statement . . . issued by the Sentencing Commission . . . [;]

(6)    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)    the need to provide restitution to any victims of the offense.

§ 3553(a).

As an initial matter, we are precluded from reviewing any alleged errors as to the conditions of Sex Offender Treatment, No Contact with Minors, and No Involvement in Youth Organizations because Spriggs invited any errors as to those conditions. *See United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir. 2009). He explicitly stated that he did not object to those conditions, and his specific arguments focused exclusively on the Computer Possession Restriction condition. Therefore, he affirmatively waived his right to challenge on appeal any perceived errors as to those conditions. *See id.* Spriggs also invited any error—and waived any argument on appeal—as to the Data Encryption Restriction condition by failing to mention it at all at the modification hearing. *See id.* That leaves the Computer Possession Restriction condition for review.

3

Where a defendant fails to clearly state the grounds for his objection in the district court, we only review for plain error. *United States v. Ramirez-Flores*, 743 F.3d 816, 821 (11th Cir. 2014). Based on the modification-hearing transcript, we conclude that Spriggs failed to object clearly on the basis that the district court failed to consider the § 3553(a) factors. He merely stated that the court had considered the factors in the prior sentencing hearings and argued, if anything, that the factors did not support the modifications. His failure to object deprived the court of the "opportunity to address or correct the alleged error." *See Ramirez-Flores*, 743 F.3d at 824. So, if anything, we should review for plain error. *See id.*

But even if we review the district court's analysis of the § 3553(a) factors for abuse of discretion,[1] we see no error. Under the abuse of discretion standard, we will not reverse unless we have a definite and firm conviction that the district court committed a clear error of judgment. *Moran*, 573 F.3d at 1137.

Certainly, to avoid an abuse of discretion, "[a] court must explain its sentencing decisions adequately enough to allow for meaningful appellate review." *United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) (per curiam). But

---

[1] We generally review a district court's decisions regarding supervised release for an abuse of discretion. *See, e.g.*, *United States v. Cunningham*, 607 F.3d 1264, 1266 (11th Cir. 2010) (per curiam) (revocation of supervised release); *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009) (imposition of special conditions of supervised release); *United States v. Ridgeway*, 319 F.3d 1313, 1315 (11th Cir. 2003) (per curiam) (oral imposition of condition of supervised release). Though it seems we have not stated a standard of review for modification of conditions of supervised release, abuse of discretion seems appropriate here too.

when a statute requires a court to consider the § 3553(a) factors, the court "need not articulate the applicability of each factor"; it is enough that the record reflects that the court took the factors into account. *Id.* (internal quotation mark omitted).

Here, the record demonstrates that the district court properly considered the relevant § 3553(a) factors. For one, the court had analyzed them in Spriggs's prior sentencing hearings—and Spriggs reminded the court that it had—so it knew that it must consider them. Not only that, Spriggs also argued the factors in the modification hearing. The district court referenced the nature and circumstances of the sex offense; the kinds of conditions available for and imposed on sex offenders; the need to avoid unwarranted disparities among sex offenders; and the necessity of the modified conditions for the protection of the public and Spriggs's treatment. Spriggs cited a case analyzing the § 3553(a) factors. The government argued Spriggs's personal history and characteristics, relying on them to explain why the modified conditions were necessary for deterrence and protection of the public. It also explicitly and specifically argued the other applicable § 3553(a) factors. If anything, the district court's statement that its failure to previously impose the additional conditions of probation was an "oversight" implies that the district court considered the § 3553(a) factors at the modification hearing and concluded that the modifications were appropriate. No abuse of discretion occurred here.

**AFFIRMED.**

5