[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10730

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

DAVID WAYNE ARING,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:20-cr-00045-AW-MAF-1

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

David Aring appeals his sentence for receipt of materials containing child pornography. Aring challenges the substantive reasonableness of his lifetime term of supervised release, as well as the substantive reasonableness of special conditions of his supervised release that bar him from using a computer or the Internet without his probation officer's approval. Aring also argues that the special conditions of his supervised release violate his First Amendment rights. For the following reasons, we affirm.

## I.

Aring pled guilty to a charge of receiving materials containing child pornography in violation of 18 U.S.C. § 2252A(a)(2) and (b)(1). Aring's indictment and plea resulted from a search of his home in which a large volume of child pornography was discovered, including videos and images showing prepubescent children as young as three years old being molested. The district court sentenced Aring to 90 months' imprisonment with lifetime supervision to follow. The district court imposed several special conditions of supervised release, among them that Aring "shall not possess or use a computer without the prior approval of the probation officer" and "shall not access the Internet or any 'on-line computer service' at any location (including employment) without the prior approval of the probation officer." Aring timely appealed, challenging only the terms and conditions of his supervised release.

We review the reasonableness of a sentence, including the imposition of terms and conditions of supervised release, under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Ridgeway*, 319 F.3d 1313, 1315 (11th Cir. 2003). The party challenging the sentence bears the burden of demonstrating that the sentence is unreasonable in light of the record, the 18 U.S.C. § 3553(a) factors, and "the substantial deference afforded to sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

We evaluate a sentence's substantive reasonableness by considering whether the sentence achieves the sentencing purposes stated in § 3553(a). *See id.* The district court must impose a sentence that is sufficient, but not greater than necessary, to comply with the purposes listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2); *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016). The district court must also consider the nature and circumstances of the offense and the history and characteristics of the defendant. 18 U.S.C. § 3553(a)(1).

We will vacate a sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that is outside the range of reasonable sentences dictated by the facts of the case. *United States v. Irey*, 612 F.3d 1160, 1190 (11th

Cir. 2010) (en banc).  The district court abuses its discretion when it fails to consider relevant factors that were due significant weight, gives an improper or irrelevant factor significant weight, or commits a clear error of judgment by balancing proper factors unreasonably.  *Id.* at 1189.  We presume that a sentence is reasonable if it is within the applicable Sentencing Guidelines range.  *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010).

The district court did not abuse its discretion by sentencing Aring to lifetime supervision.  The guidelines recommend a supervised release term of five years to life for sex offenses like Aring's.  U.S.S.G. § 5D1.2(b).  The Sentencing Commission's policy statement accompanying this provision recommends "the statutory maximum term of supervised release" for sex offenses—in this case, life.  *Id.*; *see* 18 U.S.C. § 3583(k) (providing that the "authorized term of supervised release . . . for any offense under section . . . 2252A . . . is any term of years not less than 5, or life").  In imposing lifetime supervision, the district court considered factors such as the horrific nature of the pornographic images Aring possessed over a period of years, which included images of girls as young as three being molested.  The district court expressed concern about whether Aring fully appreciated the harm to the victims of the child pornography he possessed and consumed.  The district court also noted that, "if things go well," the length of Aring's supervision "can be modified later" by the district court.  The district court's imposition of lifetime supervision was within the range of reasonable sentences in this case.

The district court also did not abuse its discretion in imposing special conditions of supervised release prohibiting Aring from using a computer or the Internet without his probation officer's approval.  The guidelines contain a policy statement recommending special conditions of supervised release "limiting the use of a computer or an interactive computer service in cases in which the defendant used such items."  U.S.S.G. § 5D1.3(d)(7)(B).  That recommendation applies here.  Aring received a large volume of child pornography via the Internet.  This Court "uniformly ha[s] 'upheld conditions limiting computer access, emphasizing that such access could well enable a sex offender to offend once again.'"  *United States v. Cordero*, 7 F.4th 1058, 1070 (11th Cir. 2021) (quoting *United States v. Carpenter*, 803 F.3d 1224, 1239 (11th Cir. 2015)).  The district court noted that Aring's special conditions of supervised release do not amount to an absolute bar on Aring's use of a computer or the Internet.  The district court sentenced Aring with the "expectation that if there is a professional need for it," while on supervised release, Aring will be allowed to use a computer or the Internet as appropriate with the approval and monitoring of the probation office.  As with the term of his supervised release, Aring is free to ask for a modification of his supervised release conditions later.  *See* 18 U.S.C. § 3583(e).

## II.

Aring's constitutional argument is unavailing.  Aring did not raise this argument in the district court, so we review it for plain error.  Aring argues that the special conditions of his supervised

release prohibiting him from using a computer or the Internet without his probation officer's approval are unconstitutional under *Packingham v. North Carolina*, 137 S. Ct. 1730 (2017). They are not. This Court's opinion in *United States v. Bobal*, 981 F.3d 971 (11th Cir. 2020)—in which we held that "[a] district court does not commit plain error by imposing a computer restriction as a special condition of supervised release, even if the term of supervised release is life"—squarely forecloses Aring's constitutional argument. *See Cordero*, 7 F.4th at 1070–71. Because Aring has not shown that his sentence is substantively unreasonable or unconstitutional, we affirm.

**AFFIRMED.**