[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10820

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TOBY E. BIVINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:11-cr-00019-HL-TQL-1

_____

Before JORDAN, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Toby Bivins appeals his sentence imposed by the district court following the third revocation of Bivins's term of supervised release. Bivins specifically challenges Standard Conditions 8 and 12, which the district court imposed on him as conditions of supervised release under U.S.S.G. §§ 5D1.3(c)(8) and (12). For the first time on appeal, Bivins argues that the district court erred in failing to except his boyfriend from Standard Condition 8, which restricts a sentenced individual, on supervised release, from interacting and communicating with known felons or persons involved in criminal activity. He also argues, for the first time on appeal, that the district court erred in imposing Standard Conditions 8 and 12 in his supervised release because those conditions unconstitutionally delegate judicial authority to a probation officer. Having read the parties' briefs and reviewed the record, we affirm Bivins's sentence.

I.

Generally, we review the terms of supervised release for an abuse of discretion. *United States v. Nash*, 438 F.3d 1302, 1304 (11th Cir. 2006). However, when a defendant fails to object to a condition of supervised release before the district court, we will review for plain error only. *Id.* To preserve for appeal a challenge to a condition of supervised release, a defendant must "clearly state

the grounds for an objection in the district court." *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015). Plain error occurs when (1) there was an error, (2) that was plain, (3) that affected the defendant's substantial rights, and (4) that seriously affected the fairness, integrity, or public reputation of judicial proceedings. *United States v. Presendieu*, 880 F.3d 1228, 1237-38 (11th Cir. 2018). "When neither this Court nor the Supreme Court ha[s] resolved an issue, there can be no plain error in regard to that issue." *United States v. Vereen*, 920 F.3d 1300, 1312 (11th Cir. 2019).

## II.

When a district court finds that a defendant violated a condition of supervised release, the district court may revoke the term of supervised release and impose a term of imprisonment after considering the 18 U.S.C. § 3553(a) factors. 18 U.S.C. § 3583(e). A district court may also impose a term of supervised release in addition to a sentence of imprisonment. 18 U.S.C. § 3583(h). Further, a district court may impose conditions of supervised release in accordance with the classes of conditions specified in U.S.S.G. § 5D1.3, including "standard" conditions set forth in U.S.S.G. § 5D1.3(c). *United States v. Ridgeway*, 319 F.3d 1313, 1315 (11th Cir. 2003). The standard conditions "are recommended for supervised release," and "[s]everal of the conditions are expansions of the conditions required by statute." U.S.S.G. § 5D1.3(c).

As expressed in § 5D1.3(c), Standard Condition 8 provides:

> The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant *knows someone has been convicted of a felony*, the defendant shall not *knowingly communicate or interact with that person without first getting the permission of the probation officer.*

*Id.* § 5D1.3(c)(8) (emphasis added).

The record shows that Bivins did not state clearly an objection to Standard Condition 8 on the grounds he asserts on appeal. Rather, his only objection in the district court was to the district court's upward variance from the applicable guideline range. Bivins contends on appeal that the district court erred by imposing Standard Condition 8 because it was not reasonably related to the sentencing factors found in 18 U.S.C. § 3553(a) and because excepting his boyfriend, a convicted felon, from the scope of that condition would not have been inconsistent with any policy statement of the Sentencing Commission.

Bivins cannot show that the district court's inclusion of his boyfriend, a convicted felon, within the scope of Standard Condition 8 is an error that is plain.  He has cited no binding precedent from this Court or the Supreme Court that holds that a district court errs by failing to exclude an individual from Standard Condition 8 under these circumstances.  Thus, Bivins's challenge fails because he cannot show the district court plainly erred in this regard.

*Vereen*, 920 F.3d at 1312.  Moreover, Bivins cannot demonstrate that the district court abused its discretion when it imposed this condition because the record shows that the district court considered and weighed the relevant sentencing factors in imposing Bivins's term of supervised release and its associated conditions. This acknowledgement by the district court will suffice, and we discern no abuse of discretion.  *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007); *United States v. Williams*, 456 F.3d 1353, 1363 (11th Cir. 2006) (noting that our court does not substitute its judgment in weighing the relevant factors under section 3553(a)).  Accordingly, we affirm the district court's imposition of these conditions to Bivins's supervised release term.

### III.

When appropriate, we will review constitutional issues *de novo*. *Nash*, 438 F.3d at 1304.  However, when the defendant fails to object before the district court, this Court will review for plain error only.  *Id.*

As expressed in U.S.S.G. § 5D1.3(c), Standard Condition 12 provides:

> If the probation officer determines that the defendant poses a risk to another person (including an organization), *the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction*. The probation officer

> may contact the person and confirm
> that the defendant has notified the per-
> son about the risk.

U.S.S.G. § 5D1.3(c)(12) (emphasis added).

In determining whether a court has improperly delegated the judicial authority of sentencing, "we have drawn a distinction between the delegation to a probation officer of a 'ministerial act or support service' and 'the ultimate responsibility' of imposing the sentence." *Nash*, 438 F.3d at 1304-05 (citation omitted). "Although a probation officer is an arm of the court, and is statutorily mandated to perform any duty that the court may designate, Article III courts may not delegate the ultimate responsibility of judicial functions to probation officers." *Id.* at 1305 (quotation marks, alterations, and citations omitted). However, "[b]ecause probation officers play a vital role in effectuating the sentences imposed by district courts, courts may delegate duties to probation officers to support judicial functions, as long as a judicial officer retains and exercises ultimate responsibility." *Id.* (quotation marks and citation omitted).

"We have upheld conditions of supervised release that unequivocally impose a requirement on the defendant, but subject the defendant to the 'approval' or 'direction' of a probation officer." *Id.* Additionally, in *Nash*, we held that the district court did not improperly delegate a judicial function to a probation officer in imposing a condition that Nash "notify third parties of risks that may be occasioned by [Nash's] criminal record or personal history or

characteristics as directed by the probation officer." *Id.* at 1306 (quotation marks and emphasis omitted).

The record indicates that Bivins did not object to the constitutionality of Standard Condition 8 or 12 before the district court. Thus, we review Bivins's constitutional arguments for plain error. *Nash*, 438 F.3d at 1304. First, as to Standard Condition 8, there is no binding precedent from this Court or the Supreme Court holding that Standard Condition 8 unconstitutionally delegates judicial authority to a probation officer. Accordingly, Bivins cannot show plain error as to Standard Condition 8. *Vereen*, 920 F.3d at 1312.

Second, we conclude that the district court did not err in imposing Standard Condition 12 because the condition did not involve improper delegation of judicial authority. *See Nash*, 438 F.3d at 1306. As we explained in *Nash*, the condition authorizes the probation officer to direct "when, where, and to whom notice must be given," but does not authorize the probation officer to "unilaterally decide" whether Bivins shall be subject to the condition at all. U.S.S.G. § 5D1.3(c)(12); *Nash*, 438 F.3d at 1306. Thus, the district court did not plainly err in imposing Standard Condition 12, and we affirm in this respect as well.

Accordingly, based on the aforementioned reasons, we affirm the district court's imposition of Bivins's sentence.

**AFFIRMED.**