[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10979

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JEFFREY LEONARD PYBUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:23-cr-00004-MCR-1

_____

Before JILL PRYOR, NEWSOM, and BRASHER, Circuit Judges.

PER CURIAM:

Jeffrey Leonard Pybus appeals his sentence for receipt and attempt to receive child pornography. He argues that the district court plainly erred by imposing the following special condition of supervised release:

> You must not frequent or loiter within 100 feet of any location where children are likely to gather, or have contact with any child under the age of 18, unless otherwise approved by the probation officer. Children are likely to gather in locations including, but not limited to, playgrounds, theme parks, public swimming pools, schools, arcades, museums or other specific locations as designated by the probation officer.

In particular, Pybus asserts that the condition's lack of an exception for inadvertent conduct makes it void for vagueness under the Fifth Amendment Due Process Clause. And he argues that its lack of an exception for everyday living makes it excessively broad in violation of the Sentencing Guidelines and related statutes. U.S.S.G. § 5D1.3(b)(2); 18 U.S.C. § 3583(d)(2). The facts of the case are known to the parties, and we repeat them here only as necessary to decide the case. After carefully considering the record and the parties' arguments, we affirm.[1]

---

[1] The government would have us decide this case by reference to three of our prior-panel precedents that "affirmed imposition of [similar] special

"Generally, '[w]e review the imposition of special conditions of supervised release for abuse of discretion.'" *United States v. Carpenter*, 803 F.3d 1224, 1237 (11th Cir. 2015) (alteration in original) (quoting *United States v. Moran*, 573 F.3d 1132, 1137 (11th Cir. 2009)). But where there was no objection to the conditions of supervised release in the district court, we review for plain error. *United States v. Zinn*, 321 F.3d 1084, 1087 (11th Cir. 2003). For an error to be plain, we "must conclude that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights." *Id.* If these three prongs are satisfied, "we have discretion to order correction of the error and will do so in those circumstances in which a miscarriage of justice would otherwise result." *United States v. Mitchell*, 146 F.3d 1338, 1343 (11th Cir. 1998) (quotation marks and citation omitted). Plain errors must be "clear" or "obvious." *United States v. Olano*, 507 U.S. 725, 734 (1993) (quotation marks and citations omitted). Without explicit, on-point language in the relevant statute, "there can be no plain error where there is

---

condition[s] in cases involving child pornography or sexual abuse of minors." Br. of Appellee at 9–12 & n.5 (citing *United States v. Zinn*, 321 F.3d 1084, 1088 (11th Cir. 2003), *United States v. Taylor*, 338 F.3d 1280, 1286 (11th Cir. 2003), and *United States v. Moran*, 573 F.3d 1132, 1135–36 (11th Cir. 2009)). It is true, of course, that "we are bound by the decisions of prior panels of this Court," but "any 'answers' to questions neither presented nor decided are not precedent." *United States v. Penn*, 63 F.4th 1305, 1310 (11th Cir. 2023). Both *Taylor* and *Moran* involved challenges to the special conditions on freedom-of-association grounds (and *Zinn* is unreasoned). Here, on the other hand, Pybus challenges the special condition on void-for-vagueness and statutory grounds. Accordingly, the cases the government cites are off-point.

no precedent from the Supreme Court or this Court directly resolving" the issue. *United States v. Kushmaul*, 984 F.3d 1359, 1363 (11th Cir. 2021) (quotation marks and citations omitted).

## I

Regarding the vagueness claim, the Supreme Court has stated that it "insist[s] that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly," and it has warned that "[v]ague laws may trap the innocent by not providing fair warning." *Grayned v. City of Rockford*, 408 U.S. 104, 108–09 (1972) (concluding that an anti-noise ordinance was not "void for vagueness"). Specifically, "[c]onditions of supervised release are not vague and overbroad when they are 'undeniably related' to the sentencing factors." *United States v. Nash*, 438 F.3d 1302, 1307 (11th Cir. 2006) (quoting *United States v. Taylor*, 338 F.3d 1280, 1285 (11th Cir. 2003)). "Terms are sufficiently specific when they have a commonsense meaning," such as from "dictionaries . . . and context." *United States v. Etienne*, 102 F.4th 1139, 1145 (11th Cir. 2024). And the lack of a scienter requirement does not automatically make a provision unconstitutionally vague. *See United States v. Biro*, 143 F.3d 1421, 1430 (11th Cir. 1998) (holding that "the phrase 'having reason to know' is not impermissibly vague"); *United States v. Hedges*, 912 F.2d 1397, 1403 (11th Cir. 1990) (holding that a strict liability statute is not void for vagueness).

Pybus's primary argument is that the special condition's "lack[] [of] an exclusion for unknowing or inadvertent conduct"

makes it unconstitutionally vague. Br. of Appellant at 17. But as just explained, the lack of a scienter requirement is not enough to make a provision unconstitutionally vague. *See Biro*, 143 F.3d at 1430; *Hedges*, 912 F.2d at 1403. Pybus further complains that he could inadvertently violate the special condition "in any number of ways," particularly because he is incapable of "determin[ing] the age of those he comes into contact with." Br. of Appellant at 22–23. But Pybus fails to explain how these difficulties make the terms of the special condition "[in]sufficiently specific." *Etienne*, 102 F.4th at 1145. Far from providing binding precedent "directly resolving" the issue, which he needs on plain-error review, *Kushmaul*, 984 F.3d at 1363, Pybus supports his vagueness claim with two out-of-circuit cases—one of which actually upheld the special condition against the vagueness challenge, *see United States v. Hamilton*, 986 F.3d 413, 423–24 (4th Cir. 2021); *United States v. Thompson*, 777 F.3d 368, 376 (7th Cir. 2015).

Further, as we explain below, the conditions of Pybus's release is "'undeniably related' to the sentencing factors." *Nash*, 438 F.3d at 1307 (quoting *Taylor*, 338 F.3d at 1285). We hold that the district court's special condition is not void for vagueness in violation of the Fifth Amendment.

## II

A district court may order special conditions of supervised release so long as each condition: (1) is reasonably related to the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the need

6                    Opinion of the Court                    24-10979

to protect the public, and the need to provide the defendant with needed training, medical care, or correctional treatment in an effective manner (known as the § 3553(a) factors); (2) involves no greater deprivation of liberty than is reasonably necessary to accomplish the goals of deterrence, protecting the public, and rehabilitation; and (3) is consistent with any pertinent Sentencing Commission policy statements.    18 U.S.C. § 3583(d)(1)–(3); *see id.* § 3553(a)(1), (a)(2)(B)–(D); *see also* U.S.S.G. § 5D1.3(b) (stating the same).

"It is not necessary for a special condition to be supported by each relevant § 3553(a) factor; rather, each factor is instead an independent consideration to be weighed." *United States v. Tome*, 611 F.3d 1371, 1376 (11th Cir. 2010). Further, "[a] condition is not invalid simply because it affects . . . [the] exercise [of] constitutionally protected rights." *Zinn*, 321 F.3d at 1089. When the condition imposed is clear, and undisputed facts contained in the PSI support it, there is no error. *United States v. Ridgeway*, 319 F.3d 1313, 1317 (11th Cir. 2003). But a district court abuses its discretion if a condition is so broad or vague that a court could not reasonably determine that the condition meets the "reasonably related" and "no greater deprivation" requirements of 18 U.S.C. § 3583(d) and U.S.S.G. § 5D1.3(b). *See id.* at 1316–17.

In its briefing, the government highlights that the special condition satisfies factor § 3553(a)(2)(C): "[P]reventing Pybus from having unapproved and unsupervised contact with minors, even in commercial settings, clearly furthers the protection of the public

24-10979                Opinion of the Court                7

by keeping minors away from an adult who finds pleasure in the sexual exploitation of children." Br. of Appellee at 14. And as support for this proposition, the government points to the significant amount of child pornography and erotica possessed by Pybus, the fact that he continued to possess child pornography after his indictment, and his "lifelong mental health difficulties that . . . contributed to his conduct." *Id.* at 11–12.

Citing the Guidelines and the statute, Pybus argues that the special condition "involve[s] a greater deprivation of liberty than is necessary to fulfill the goals of sentencing." Br. of Appellant at 18–19; Reply Br. at 8. But his argument falls short of the high bar set by plain-error review. Aside from simply claiming repeatedly that the deprivation is greater than necessary, his only substantive argument is that "courts routinely provide an exception to no-contact provisions for ordinary and usual commercial services"—a proposition he only supports with out-of-circuit caselaw. Br. of Appellant at 24–25. But in-circuit caselaw shows that provisions like the one here are not unusual. *See, e.g.*, *Zinn*, 321 F.3d at 1088; *Taylor*, 338 F.3d at 1286; *Moran*, 573 F.3d at 1135–36. Regardless, Pybus has not pointed us to—nor are we aware of—any binding precedent "directly resolving" an analogous issue in his favor. *Kushmaul*, 984 F.3d at 1363. Given the procedural posture, and our review only for plain error, we cannot overturn the district court's decision.[2]

---

[2] In his reply brief, Pybus presents new arguments not discussed in his initial brief, arguing that statistics show that the risk of allowing a "commercial services exception" is "exceedingly small" and that, even in the absence of the no-

Accordingly, we affirm.

**AFFIRMED.**

---

contact provision, the conditions of supervised release provide sufficient safeguards.  Reply Br. at 10–11.  To the extent that these points haven't been abandoned, they don't help Pybus because he doesn't cite on-point statutory language or "precedent from the Supreme Court or this Court directly resolving" the issue.  *Kushmaul*, 984 F.3d at 1363.